STATE OF NORTH CAROLINA v. KENNETH KENYON CROCKETT

No. COA99-459

(Filed 16 May 2000)

**1. Rape— statutory—conviction vacated—prior to amended statute**

Defendant's conviction for statutory rape in case 97 CRS 20047 must be vacated because defendant was convicted for having sex with a fourteen-year-old on 26 November 1995, five days prior to the effective date of the amended statute charging statutory rape if the victim is under fifteen, and the statutory rape law under N.C.G.S. § 14-27.2(a)(1) in effect at the time of the crime stated the victim had to be under thirteen years of age.

**2. Rape— statutory—sufficiency of evidence—exact date immaterial**

Although defendant's conviction for statutory rape in case 97 CRS 20048 must be remanded for resentencing since it was consolidated for the purpose of judgment with a vacated conviction in 97 CRS 20047, the conviction in 97 CRS 20048 is affirmed because the indictment charging that defendant committed the offense during the period from 22 November 1995 to 19 February 1996 is sufficient and the exact date is immaterial because the evidence at trial showed the offense occurred in January 1996, when the victim was fourteen, thus satisfying the requirements of amended statute N.C.G.S. § 14-27.7A.

**3. Evidence— other crimes—void statutory rape charge—intent—knowledge—plan**

Defendant is not entitled to a new trial on the charges for sexual activity by a custodian, even though evidence was admitted on a void statutory rape charge, because the evidence was relevant under N.C.G.S. § 8C-1, Rule 401 to show defendant's intent, knowledge, and plan.

**4. Jury— peremptory challenge—racial discrimination—failure to make prima facie showing**

The trial court did not err in concluding that defendant failed to make a prima facie showing that the State's use of its peremptory challenges was based on purposeful discrimination because: (1) the prosecutor explained his challenge of one potential black juror was based on his failure to disclose that he had previously been charged with contributing to the delinquency of a minor, and the fact that the prosecutor thought the potential juror was not being truthful in his answers to questions about other charges pending against him; (2) the prosecutor explained his challenge of a second potential black juror was based on the fact that she was quiet, she would not make eye contact with the prosecutor, she gave only yes and no answers, and she failed to disclose her involvement in an assault case at her home; (3) the prosecutor did accept a black juror on the panel, but that juror was later excused by defendant; (4) the prosecutor made no comment tending to support an inference of racial discrimination; and (5) no showing was made of any pattern of the State in exercising peremptory challenges solely to remove black jurors.

**5. Sexual Offenses— sexual activity by a custodian—motion to dismiss—sufficiency of evidence**

The trial court did not err in denying defendant's motion to dismiss the charge of sexual activity by a custodian in 97 CRS 20050 because: (1) the victim's testimony revealed that she believed she was in a custodial relationship with defendant on the date of their sexual encounter; (2) employees from the Youth Opportunity Home testified that the victim was still a participant in their program on the date of the victim's sexual encounter with defendant; and (3) the State demonstrated sufficient evidence that defendant was an employee of the Youth Opportunity Home at that time.

**6. Evidence— impeachment—collateral issue—no prejudicial error**

Although the trial court erred in a prosecution for statutory rape and sexual activity by a custodian when it allowed the impeachment of defendant's wife through the use of extrinsic evidence from a policeman concerning the collateral issue of defendant pulling out a patch of his wife's hair, defendant has failed to establish prejudice in light of the extensive evidence of defendant's guilt.

**7. Sentencing— aggravating factor—statutory rape—sexual activity by a custodian—position of trust or confidence**

The trial court did not err in finding as an aggravating factor for the statutory rape charges that defendant took advantage of a position of trust or confidence because evidence used to prove an element of the joined offense of sexual activity by a custodian could also be used to support an aggravating factor for the separate offense of statutory rape.

Appeal by defendant from judgments entered 13 October 1998 by Judge Thomas W. Ross in Forsyth County Superior Court. Heard in the Court of Appeals 21 February 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Joyce S. Rutledge, for the State.*

*Hough & Rabil, by S. Mark Rabil, for defendant-appellant.*

EAGLES, Chief Judge.

The defendant, Kenneth Kenyon Crockett, was convicted of two counts of statutory rape and four counts of "sexual activity by a custodian" at the 14 September 1998 criminal session of Forsyth County Superior Court.

The evidence presented at trial indicated that the defendant worked as an employee of the Youth Opportunity Home in Winston-Salem, North Carolina. The home provides food, shelter, and adult supervision for abused, neglected juveniles.

Defendant had consensual sex with a sixteen-year-old female resident named Candi Corvin on two occasions. The first occasion was in March 1996, shortly after Ms. Corvin began staying at the home. The second occasion was shortly after Ms. Corvin left the home. On

this occasion, Ms. Corvin contacted the defendant when he was off-duty, using the pager number which he had previously given her. Defendant picked Ms. Corvin up and took her to a hotel where they had sex. Additionally, defendant had consensual sex with a fourteen-year-old female resident named Sandra Ware in November, 1995 and in January, 1996.

The rules of the home directed that staff were not to have sexual contact with the residents. Additionally, if a resident tried to communicate with a staff member when the employee was not on duty, the off-duty staff member was obliged to alert the on-duty staff member to the resident's need. Further, the rules forbade employees to give out their personal telephone numbers to residents.

The defendant was convicted of two charges of statutory rape and four charges of sexual activity by a custodian. Defendant appeals.

[1] We first address whether the indictments for statutory rape are fatally defective. Defendant was charged and convicted of statutory rape in 97 CRS 20047 and 97 CRS 20048. In 97 CRS 20047, the defendant was convicted for having sex with fourteen-year-old Sandra Ware on 26 November 1995. On 26 November 1995, the date the defendant and Ms. Ware had sex, the statutory rape law in effect was N.C.G.S. § 14-27.2(a)(1). Under this law, the victim had to be *under thirteen* years of age for the defendant to be charged with statutory rape. Under an amended version of the statutory rape law, N.C.G.S. § 14-27.7A, defendants may be guilty of statutory rape if the victim is *under fifteen* years of age. However, this amended version did not become effective until 1 December 1995, five days after defendant had sex with the fourteen-year-old. The State concedes that the defendant's pre-December 1995 conviction for statutory rape with a fourteen-year-old cannot stand. Accordingly, we conclude that defendant's conviction in 97 CRS 20047 must be vacated.

[2] Defendant's convictions in 97 CRS 20047 and 97 CRS 20048 were consolidated for judgment. Defendant contends his conviction in 97 CRS 20048 is also invalid. The indictments for both counts charge that defendant committed statutory rape during the period from 22 November 1995 to 19 February 1996. Defendant contends that the indictments are impermissibly vague because they do not specify the exact date the offense was committed.

An indictment is sufficient if it sets out a time period during which the crime allegedly occurred. *See State v. Hatfield*, 128 N.C.

STATE v. CROCKETT

[138 N.C. App. 109 (2000)]

App. 294, 299, 495 S.E.2d 163, 166, *disc. review denied,* 348 N.C. 75, 505 S.E.2d 881, *cert. denied,* 525 U.S. 887, 142 L. Ed. 2d 165 (1998). *See also State v. Oliver,* 85 N.C. App. 1, 7-8, 354 S.E.2d 527, 531, *disc. review denied,* 320 N.C. 174, 358 S.E.2d 64 (1987). In the case of 97 CRS 20048, the exact date that defendant had sex with Sandra Ware is immaterial because the evidence at trial showed that this offense occurred in January 1996 when the victim was fourteen. This satisfied the requirements of the amended statute, N.C.G.S. § 14-27.7A. Accordingly, we conclude that the conviction in 97 CRS 20048 should be affirmed. Because 97 CRS 20048 previously was consolidated for the purpose of judgment with 97 CRS 20047, we remand 97 CRS 20048 to the superior court for resentencing.

**[3]** Next we consider defendant's argument that he is entitled to a new trial on the remaining charges for "sexual activity by a custodian" because the admission of evidence on the void statutory rape charge was irrelevant and unfairly prejudicial. We are not persuaded.

The State argues that the evidence of defendant's sexual activity with Ms. Ware in 1995 was relevant to establish intent, motive, knowledge, as well as defendant's scheme of involving himself with vulnerable, disturbed teenage girls at the home. According to the State, this evidence "was highly probative of an intent and design to prey on vulnerable young women."

Under N.C.G.S. § 8C-1, Rule 401, " '[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Further, "as a careful reading of Rule 404(b) clearly shows, evidence of other offenses is admissible so long as it is relevant to any fact or issue other than the character of the accused." *State v. Weaver,* 318 N.C. 400, 403, 348 S.E.2d 791, 793 (1986) (quoting 1 *Brandis on North Carolina Evidence* § 91 (2d rev. ed. 1982)). Even if the evidence may tend to show other crimes, or bad acts committed by the defendant, the evidence is admissible under Rule 404(b) as long as it "is relevant for some purpose *other than* to show that defendant has the propensity for the type of conduct for which he is being tried." *State v. Coffey,* 326 N.C. 268, 279, 389 S.E.2d 48, 54 (1990) (quoting *State v. Morgan,* 315 N.C. 626, 637, 340 S.E.2d 84, 91 (1986)). Here, the evidence is relevant to show defendant's intent, knowledge and plan. Accordingly, we conclude that defendant's argument is without merit; the defendant is not entitled to a new trial on the remaining charges.

**[4]**  Next, we consider whether the trial court erred in concluding that there was no purposeful racial discrimination in the peremptory challenges exercised by the State. Here, the African American defendant was tried by an all-white jury. The prosecutor exercised three peremptory challenges. Two of the three excused were African Americans. Once the jury panel had been selected, defendant moved the trial court to strike the jury panel because, he argued, the prosecutor had challenged two jurors solely on the basis of race. After the prosecutor gave his reasons for the peremptory challenges, the trial court denied defendant's motion. The court stated, "since there has been no *prima facie* case and since the State has shown nondiscriminatory reasons for the exercises in the preemptory [sic] challenges, the Court would conclude that the motion to discharge the twelve jurors selected on the grounds of racial discrimination in the jury selection should be and same is hereby denied."

When analyzing a claim of racial discrimination based on the prosecution's use of peremptory challenges,

> (1) defendant must establish a *prima facie* case that the peremptory challenge was exercised on the basis of race, and if this showing is made; (2) the burden shifts to the prosecutor to offer a racially neutral explanation to rebut defendant's *prima facie* case; and (3) the trial court must determine whether defendant has proven purposeful discrimination.

*State v. Smith*, 351 N.C. 251, 262, 524 S.E.2d 28, 37 (2000) (citing *State v. Cummings*, 346 N.C. 291, 308-9, 488 S.E.2d 550, 560 (1997), *cert. denied*, 522 U.S. 1092, 139 L. Ed. 2d 873 (1998)). Here, the trial court concluded that the defendant had not made a *prima facie* showing that the peremptory challenges were exercised on the basis of race. Nevertheless, the court allowed the State to offer an explanation of its use of peremptory challenges. The prosecutor explained his peremptory challenge of Mr. Farris by stating that Mr. Farris had failed to disclose that he had previously been charged with contributing to the delinquency of a minor. The prosecutor also explained that he did not think that Mr. Farris was being truthful in his answers to questions about other charges pending against him. The district attorney explained his challenge of Ms. Fletcher by stating that she was quiet, would not make eye contact with him, and gave only yes and no answers. The prosecutor also stated that Ms. Fletcher failed to disclose her involvement in an assault case at her home.

**STATE v. CROCKETT**

[138 N.C. App. 109 (2000)]

"Where the trial court rules that a defendant has failed to make a *prima facie* showing, our review is limited to whether the trial court erred in finding that defendant failed to make a *prima facie* showing, even if the State offers reasons for its exercise of the peremptory challenges." *Smith*, 351 N.C. at 262, 524 S.E.2d at 37 (citing *State v. Hoffman*, 348 N.C. 548, 554, 500 S.E.2d 718, 722-23 (1998)). In determining whether a defendant has made a *prima facie* showing that the peremptory challenge was exercised on the basis of race, one of the factors for our consideration is whether the prosecution accepted other African American jurors. *See Smith*, 351 N.C. at 263, 524 S.E.2d at 37. Here, the prosecutor did accept an African American woman on the panel. However, this juror was later excused by the defendant. Another factor to review in evaluating the peremptory challenges is whether the prosecutor made racially motivated statements or asked racially motivated questions of black prospective jurors that raise an inference of discrimination. *See State v. Gregory*, 340 N.C. 365, 397-98, 459 S.E.2d 638, 656 (1995), *cert. denied*, 517 U.S. 1108, 134 L. Ed. 2d 478 (1996). Our careful review of the trial transcript indicates that the district attorney made no comment tending to support an inference of racial discrimination.

Finally, we note that the trial court's determination regarding peremptory challenges will be upheld unless the appellate court is convinced that the trial court's decision is clearly erroneous. *See State v. White*, 349 N.C. 535, 549, 508 S.E.2d 253, 262 (1998), *cert. denied*, 527 U.S. 1026, 144 L. Ed. 2d 779 (1999). "Since the trial court's findings as to purposeful discrimination depend in large measure on its evaluation of credibility, they are given great deference . . . ." *Id.* Here, the trial court found that "[n]o showing has been made with regard to the questioning procedure of the State or any pattern of the State in exercising peremptory challenges solely to remove African Americans." We conclude that the trial court did not err in determining that the defendant failed to make a *prima facie* showing of racial discrimination and that there was no purposeful racial discrimination in the peremptory challenges exercised by the State.

[5] Next, we consider whether the trial court erred in denying the motion to dismiss the charge of sexual activity by a custodian in 97 CRS 20050. In 97 CRS 20050, defendant is charged with having sex with Candi Corvin on 23 April 1996 at a hotel. The defendant argues that the State failed to offer substantial evidence that Ms. Corvin was in the custody of the Youth Opportunity Home at the time of this incident. Additionally, defendant asserts that the State did not offer

substantial evidence that the defendant was an employee of the Youth Opportunity Home at the time he and the victim engaged in sexual activity. The State counters by asserting that there was adequate evidence at trial to support the conclusion that (1) defendant engaged in a sexual act with a person over whom his employer had custody on 23 April 1996, and (2) defendant was an employee of the home at the time of this sexual act.

Where the defendant raises a sufficiency of the evidence claim, the trial court must view the evidence in the light most favorable to the State. *See State v. Roddey*, 110 N.C. App. 810, 813, 431 S.E.2d 245, 247 (1993). "If there is substantial evidence—whether direct, circumstantial, or both—to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." *Id.* (quoting *State v. Small*, 328 N.C. 175, 180, 400 S.E.2d 413, 415-16 (1991)).

Here, the defendant relies on Ms. Corvin's testimony at trial indicating that she had sex with defendant in April after she had voluntarily left the Youth Opportunity Home. Records from the Youth Home show that Ms. Corvin left the home on 20 April 1996 and did not return. Ms. Corvin testified that she was living in an apartment complex at the time she called defendant. They met and had sex at a Holiday Inn on 23 April 1996.

The State argues that Ms. Corvin was still enrolled in the home and still in a custodial relationship with the defendant on the date of the incident. Some time after Ms. Corvin and defendant had sex the first time in March 1996, while Ms. Corvin was still living at the home, defendant gave her his pager number for her to call him "any time I needed anything or anytime I just needed somebody to talk to." After Ms. Corvin ran away from the home, she testified, "I wasn't very happy and there wasn't a lot of food available. So I paged him [defendant] to see if he could come and get me or help me or whatever." In response to her request for help, defendant bought her a meal at McDonald's and then took her to the hotel where he had sex with her. When the State asked Ms. Corvin whether she had placed trust in the defendant, she responded, "Yes. That was natural because he was a counselor. I thought I was—he was suppose [sic] to—I thought I was suppose [sic] to be able to trust him." Ms. Corvin's testimony indicates that she believed she was in a custodial relationship with defendant on the date of their sexual encounter.

STATE v. CROCKETT

[138 N.C. App. 109 (2000)]

Additionally, employees from the home testified that Ms. Corvin was still a participant in their program as of 23 April 1996. Some of her belongings were at the home. Her bed was held open for her until 26 April 1996. Employees continued to make daily notes about Ms. Corvin after she ran away; she was listed in the home's records as a resident until 26 April 1996. Accordingly, we conclude that the State demonstrated sufficient evidence that Ms. Corvin was in the custody of the Youth Opportunity Home at the time of the 23 April 1996 encounter.

We turn to defendant's assertion that the State did not offer substantial evidence that defendant was an employee of the Youth Home at the time he and the victim engaged in sexual activity on 23 April 1996. Defendant argues that he was not employed by the home on the date of the incident. He relies on testimony from Mr. Beasley, the CEO of the Youth Home, that the defendant was terminated as a full time employee on 27 March 1996.

However, Mr. Beasley also testified that defendant was working as a "temporary fill in" employee after late March. He testified that the defendant worked the second and third shifts at the home between March 1996 and 20 April 1996. Additionally, the defendant worked at the home after the 23 April 1996 incident; he worked on 21 May 1996. Defendant was not terminated from his position as a "fill in" employee until August 1996. We conclude that the State demonstrated sufficient evidence that defendant was an employee of the Youth Opportunity Home at the time of the 23 April 1996 encounter. Accordingly, we conclude that the trial court did not err in denying defendant's motion to dismiss the charge of sexual activity by a custodian in 97 CRS 20050.

[6] Next we consider whether the trial court erred in permitting the impeachment of defendant's wife. At trial defendant's wife gave alibi testimony indicating that she and defendant celebrated their wedding anniversary by spending a few hours together at the Holiday Inn in late April 1996. On cross examination, the prosecutor asked Mrs. Crockett whether the defendant had ever pulled her hair out. She answered, "no." The State later impeached Mrs. Crockett through the use of extrinsic evidence from a policeman, Officer Bowens. Over objection, Officer Bowens testified that he had gone to the defendant's home after Mrs. Crockett had called the police. He stated, "Mrs. Crockett admitted she bit him [defendant] on his hand, when he grabbed her face and pulled a small patch of hair from her head."

A witness' prior inconsistent statements are admissible to shed light on the witness' credibility. *See State v. Workman,* 344 N.C. 482, 504, 476 S.E.2d 301, 313 (1996). "When a prior inconsistent statement by a witness relates to material facts in the witness' testimony, the prior statement may be proved by extrinsic evidence." *State v. Jones,* 347 N.C. 193, 205, 491 S.E.2d 641, 648 (1997) (citing 1 Kenneth S. Broun, *Brandis & Broun on North Carolina Evidence* § 161 (4th ed. 1993)). Facts are material when they involve matters pertinent to the pending inquiry. *See State v. Larrimore,* 340 N.C. 119, 146, 456 S.E.2d 789, 803 (1995). However, when the facts are immaterial to the pending inquiry, "[i]t is a general rule of evidence in North Carolina 'that answers made by a witness to collateral questions on cross-examination are conclusive, and that the party who draws out such answers will not be permitted to contradict them . . . .' " *State v. Robinette,* 39 N.C. App. 622, 625, 251 S.E.2d 635, 637 (1979) (quoting *State v. Long,* 280 N.C. 633, 639, 187 S.E.2d 47, 50 (1972)). Here, Mrs. Crockett's statement to Officer Bowen that defendant had pulled out a patch of hair is collateral to the main issues in the prosecution, and should not have been admitted.

Nevertheless, the defendant has failed to establish prejudice sufficient to constitute grounds for a new trial. "A defendant is prejudiced . . . when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial . . . ." N.C.G.S. § 15A-1443(a). Officer Bowen's statement does not rise to this level; in light of the State's evidence as a whole, it could not have tilted the scales against the defendant. Here, the State produced the testimony of Candi Corvin and Sandra Ware describing the defendant's sexual encounters with them. This testimony was corroborated by the testimony of Pamela Stuart, a Department of Social Services employee, and by the testimony of Mickey Hutchens, a Winston-Salem police officer. In light of the extensive evidence of defendant's guilt, the trial court's admission of Officer Bowen's statement cannot be said to constitute prejudicial error. This assignment of error is overruled.

[7] Finally, we consider whether the trial court erred in finding as an aggravating factor for the statutory rape charges, 97 CRS 20047 and 97 CRS 20048, that "defendant took advantage of a position of trust or confidence." Defendant argues that the evidence that proved the aggravating factor was necessary to prove the custodial element of the joined offense of sexual activity by a custodian. Defendant concedes in his brief that his argument is not supported by current North

Carolina law. Evidence used to prove an element of one offense may also be used to support an aggravating factor of a separate joined offense. *See State v. Farlow*, 336 N.C. 534, 444 S.E.2d 913 (1994). Accordingly, we conclude that defendant's argument lacks merit and overrule this assignment of error.

For the reasons stated above, we find no prejudicial error in defendant's convictions for sexual activity by a custodian. However, we vacate the judgment for statutory rape in 97 CRS 20047 and remand for resentencing in 97 CRS 20048.

Affirmed in part, vacated in part and remanded.

Judges McGEE and HORTON concur.