STATE OF NORTH CAROLINA v. RODNEY JAY TUCKER

No. COA02-156

(Filed 4 February 2003)

**1. Evidence— defendant's false answers to military regarding past drug use—impermissible character evidence—no prejudicial error**

   Although the trial court erred in a statutory sexual offense, sexual offense by a person in a parental role in the home of the minor victim, and taking indecent liberties with a minor case by allowing into evidence testimony about defendant's false answers to the military regarding his past drug use since the evidence was impermissible character evidence as this testimony came out in the State's case-in-chief before defendant had put his character in issue, this error alone does not entitle defendant to a new trial when: (1) defendant was not placed in a position in which he could have felt compelled to testify to rebut this character statement; and (2) the evidence did not undermine the fairness of the trial.

STATE v. TUCKER

[156 N.C. App. 53 (2003)]

**2. Sexual Offenses— statutory—person in a parental role—indecent liberties with a minor—sufficiency of evidence**

The trial court did not err by failing to dismiss the charges of statutory sexual offense, sexual offense by a person in a parental role in the home of the minor victim, and taking indecent liberties with a minor case, because: (1) the evidence viewed in the light most favorable to the State showed that defendant had the opportunity to commit the alleged acts; and (2) it was for the jury to determine the credibility of the victim and ultimately whether defendant committed the crimes for which he was indicted.

**3. Sentencing— incorrect verdict sheet—inadvertent mislabeling—arrest of judgment**

Although the State has conceded error as to 00 CRS 54820 and agrees that defendant's conviction for sexual activity with a person in a parental role in the home of the minor victim under this case number should be arrested based on an incorrect verdict sheet where a count of indecent liberties should have been listed, the inadvertent mislabeling of the fourteen counts against defendant for statutory sexual offense of a thirteen, fourteen, or fifteen-year-old was not a fatal defect requiring arrest of judgment.

**4. Sentencing— aggravating factor-took advantage of position of trust or confidence**

Although the trial court did not err in 00 CRS 54807 by using the aggravating factor under N.C.G.S. § 15A-1340.16(d)(15) that defendant took advantage of a position of trust or confidence to commit the offenses to aggravate his sentences, the trial court erred by using this aggravating factor to increase the judgments in 00 CRS 54812 and 00 CRS 54815 which included convictions of sexual activity by a person in a parental role in the home of the minor victim.

Appeal by defendant from judgments entered 24 July 2001 by Judge Henry E. Frye, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 17 October 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Brian Michael Aus for defendant appellant.*

STATE v. TUCKER

[156 N.C. App. 53 (2003)]

McCULLOUGH, Judge.

Defendant Rodney Jay Tucker was tried before a jury at the 16 July 2001 Criminal Session of Forsyth County Superior Court. Defendant was indicted on 19 February 2001 with fourteen counts of statutory sexual offense of a person aged 13, 14 or 15 (N.C. Gen. Stat. § 14-27.7A(a)), seven counts of sexual offense by a person in parental role in the home of minor victim (N.C. Gen. Stat. § 14-27.7(a)), seven counts of taking indecent liberties with a minor (N.C. Gen. Stat. § 14-202.1)), and one count of attempted statutory rape (N.C. Gen. Stat. § 14-27.7A(a)).

Defendant was born on 10 May 1960. He was over 30 years of age at the time of the alleged acts. The victim in this case was born 1 October 1984.

In this case, defendant was victim's stepfather. He met her mother in 1996 while he was in a drug and alcohol rehabilitation center, His Laboring Few Ministry. Defendant was employed as a long-distance truck driver and had a recurring drug problem.

The testimony at trial revealed disturbing facts about the shattered childhood of the victim. The victim testified that starting when she was 13 years old, defendant began sexually molesting her. On the first occasion when she was thirteen, defendant was driving his truck and picked up the victim from her father, who shortly before trial was proven not to be the victim's biological father, although she was born in wedlock. Defendant allegedly had intercourse with her in the sleeper cab of his truck. The victim testified to frequent sexual molestations including once when she got into bed with her mother and defendant when she was frightened by a storm. On that occasion, defendant digitally penetrated her without her mother's knowledge. Numerous such incidents of fondling, digital penetration, oral sex, and rape by defendant were recounted.

The victim suffered from behavioral disorders and depression, and even attempted suicide in December of 1998. The victim had kept her accusations quiet because defendant was paying for her flying lessons, which was something very important to her. However, the victim did intermittently inform various family members, even her mother at one point, about defendant's actions, but nothing was done about it. While her mother was apparently not convinced that the victim was telling the truth, it did eventually lead to her leaving defend-

ant. Finally, the victim's stepsister turned defendant in to the authorities in Georgia who investigated the accusations. Defendant turned himself in to the Winston-Salem police once charges were filed.

Other testimony at trial revealed that the victim had sexual contact with several other persons, including a step-grandfather, a couple of cousins, and two other individuals that were her own age. The majority of these encounters were not of the consensual variety. However, the victim had consensual sex at least once.

Several family members and others involved in treating the victim testified to corroborate her story.

At trial, defendant testified and denied all inappropriate touching. Under cross-examination, defendant admitted he was discharged from the U.S. Navy for lying about his drug abuse. Defendant also testified about a letter that he received from the victim where she apologized for all the trouble she caused.

While the attempted statutory rape charge was dismissed, on 23 July 2001 the jury found defendant guilty on fourteen counts of statutory sexual offense of a person aged 13, 14 or 15, eight counts of sexual offense by a person in parental role in the home of minor victim, and six counts of taking indecent liberties with a minor. All these were consolidated into three different judgments: 00 CRS 54807, 00 CRS 54812, and 00 CRS 54815. Defendant had a prior record level of II, and was sentenced to a minimum of 334 months and a maximum of 410 months on each judgment, all to run consecutively.

Defendant makes the following assignments of error: The trial court (I) erred by permitting evidence of defendant's false answers regarding drug use prior to entering military service; (II) erred in denying defendant's motion to dismiss due to insufficiency of the evidence; (III) erred by submitting verdict sheets and accepting guilty verdicts where said verdict sheets presented crimes for which defendant had not been indicted; and (IV) erred in finding that defendant abused a position of trust or confidence and sentencing him in the aggravated range of punishment for his convictions of sexual activity with a person in his custody.

I.

[1] In his first assignment of error, defendant contends that the trial court erred by allowing testimony about his false answers to the military regarding his past drug use into evidence.

Detective Kelly Wilkinson of the Winston-Salem Police Department testified during the State's case-in-chief that on 31 July 2000, she interviewed defendant at the Winston-Salem Police Station. Defendant's attorney was present at the interview. Exploring his personal history, defendant informed the detective that he had been given a general discharge from the U.S. Navy in 1981. The discharge was based on the fact that he lied about his past drug use and the Navy found out about it. Defendant objected to this testimony, but the trial court allowed the testimony as relevant under Rule 402 because defendant had his attorney present when he made the statement and evidence of his drug use was already in evidence without objection, and admissible under Rule 403 because its probative value outweighed any prejudicial effect. Later in the trial, defendant testified that he was in the U.S. Navy for 4 months before being discharged for lying about the drug use. Defendant argues that this testimony was an impermissible attack on the character of defendant.

> Evidence of an accused's character is not admissible for any purpose if the accused has neither testified nor introduced evidence of his character in his own behalf. However, the State may produce evidence relevant for some other purpose which incidentally bears upon the character of the accused.

*State v. Oxendine*, 303 N.C. 235, 241, 278 S.E.2d 200, 204 (1981) (citations omitted); *see also* N.C. Gen. Stat. § 8C-1, Rule 404 (2001).

While this testimony was presumably admissible as to defendant's drug use, its secondary effect was that defendant was untruthful. The State, as noted by the trial court, already had ample testimony in evidence that defendant had an extensive drug problem via the testimony of the victim's mother. Thus, this evidence was cumulative as to the drug use point. It could be inferred then that the State wanted this evidence to be heard by the jury to show that he had lied to the U.S. military. Such does not incidentally bear upon his character, and therefore it was impermissible character evidence, as this testimony came out in the State's case-in-chief before defendant had put his character in issue. *See State v. Freeman*, 313 N.C. 539, 548, 330 S.E.2d 465, 473 (1985); *State v. Morgan*, 111 N.C. App. 662, 668, 432 S.E.2d 877, 881 (1993).

Although the admission of this evidence was error, we hold that this error alone does not entitle defendant to a new trial. Defendant was not placed in a position in which he could have felt compelled to testify to rebut this character statement. While the jury

did hear evidence that he was untruthful before he put on evidence, it did not undermine the fairness of the trial. *See Freeman*, 313 N.C. 539, 330 S.E.2d 465. We see no reasonable probability that, in the absence of this evidence, the jury would have said differently.

This assignment of error is overruled.

II.

[2] In his second assignment of error, defendant contends that the trial court erred by not dismissing all the charges for lack of substantial evidence that any kind of sexual assault occurred.

The trial court must determine whether the State presented substantial evidence on every essential element and that defendant is the perpetrator. *State v. Earnhardt*, 307 N.C. 62, 67, 296 S.E.2d 649, 652 (1982); *State v. Munoz*, 141 N.C. App. 675, 682, 541 S.E.2d 218, 222, *cert. denied*, 353 N.C. 454, 548 S.E.2d 534 (2001). Evidence is to be viewed in the light most favorable to the State. *State v. Pierce*, 346 N.C. 471, 491, 488 S.E.2d 576, 588 (1997). All contradictions are to be resolved in favor of the State, and all reasonable inferences based upon the evidence are to be indulged in. *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). The question for the Court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. *State v. Lee*, 348 N.C. 474, 488, 501 S.E.2d 334, 343 (1998).

Defendant acknowledges the case against him was based on the victim's testimony, and most all other testimony was to corroborate such. He points out that the victim did not disclose the alleged sexual assaults until shortly before trial, and that she did not inform her clinical social worker until she had convinced her mother. Defendant highlights the social worker's acknowledgment that children can "purposefully lie" in these situations. Further, no physical evidence was offered to substantiate the allegations of sexual assault.

Testimony of a prosecuting witness alone is sufficient to support a charge as the jury must weigh any contradictions or discrepancies in that testimony. *State v. Guffey*, 265 N.C. 331, 332, 144 S.E.2d 14, 16 (1965); *see also State v. Quarg*, 334 N.C. 92, 100, 431 S.E.2d 1, 5 (1993). There was sufficient evidence at trial on each element of the crimes charged. Evidence, shown in the light most favorable to the State, showed that defendant had the opportunity to commit the acts alleged. It was for the jury to determine the credibility of the victim,

STATE v. TUCKER

[156 N.C. App. 53 (2003)]

and ultimately whether defendant committed the crimes for which he was indicted. This assignment of error is overruled.

## III.

[3] In his next assignment of error, defendant contends that the trial court erred in using incorrect verdict sheets.

As set forth above, defendant was indicted on several violations of N.C. Gen. Stat. §§ 14-27.7A(a) (statutory sexual offense of 13, 14 or 15 year old), -27.7(a) (sexual offense by a person in parental role in the home of minor victim), and -202.1 (indecent liberties with minor). The trial court properly instructed the jury as to each of the above, respectively. However, the trial court submitted verdict sheets to the jury which contained fourteen counts of N.C. Gen. Stat. § 14-27.4 (first degree sexual offense) where the statutory sexual offense of a 13, 14 or 15 year old counts should have been. Further, the trial court submitted a verdict sheet in case number 00 CRS 54820 that listed a count of sexual offense by parent in the home of minor victim where a count of indecent liberties should have been. Regardless, the trial court accepted the verdict sheets after being rendered by the jury without objection by any party.

> Where there is a fatal defect in the indictment, verdict or judgment which appears on the face of the record, a judgment which is entered notwithstanding said defect is subject to a motion in arrest of judgment. . . . When such a defect is present, it is well established that a motion in arrest of judgment may be made at any time in any court having jurisdiction over the matter, even if raised for the first time on appeal.

State v. Wilson, 128 N.C. App. 688, 691, 497 S.E.2d 416, 419 (footnote omitted), disc. review improvidently allowed, 349 N.C. 289, 507 S.E.2d 38 (1998); see also State v. McGaha, 306 N.C. 699, 702, 295 S.E.2d 449, 451 (1982).

Initially, this Court notes that the State has conceded error as to 00 CRS 54820 and agrees that defendant's conviction for sexual activity with a person in a parental role in the home of minor victim under this case number should be arrested.

As to the fourteen counts of statutory sex offense of a 13, 14 or 15 year old, the State does not concede error and contends that the inadvertent mislabeling of the counts against defendant is not a fatal defect requiring arrest of judgment.

STATE v. TUCKER

[156 N.C. App. 53 (2003)]

This Court has held that a verdict is sufficient if it "can be properly understood by reference to the indictment, evidence and jury instructions." *State v. Connard,* 81 N.C. App. 327, 336, 344 S.E.2d 568, 574 (1986), *aff'd,* 319 N.C. 392, 354 S.E.2d 568 (1987). In *Connard,* the verdict form reflected that the jury found defendant "Guilty of Possession of Personal Property of Ronald Hewitt." *Connard,* 81 N.C. App. at 335, 344 S.E.2d at 574. While defendant in that case argued that this was not a crime, this Court noted in affirming the trial court that "[t]he record, including the indictment and the instructions, makes it abundantly clear, beyond mistake by the jury, that knowing possession of stolen goods from Hewitt was at issue." *Id.* at 336, 344 S.E.2d at 574.

This Court has somewhat recently had occasion to visit this issue. In *State v. Gilbert,* 139 N.C. App. 657, 535 S.E.2d 94 (2000), the caption on the verdict sheet was of a name different than the defendant. This Court, in surveying other jurisdictions, stated that "unless the error is fundamental . . . errors will not be considered prejudicial[.]" *Id.* at 673-74, 535 S.E.2d at 103. The *Gilbert* Court held that, because the verdict sheet contained "the proper file number for the case, and the proper charges listed are consistent with the evidence presented at trial and with the court's instructions," the transcript was replete with the correct name of the defendant, and the verdict was unanimous, then there was no prejudicial error. *Id.* at 675, 535 S.E.2d at 104.

In the present case, the jury heard evidence and was properly instructed on three different crimes that defendant was alleged to have committed. The jury found defendant guilty of taking indecent liberties with a minor, sexual offense by a parent in the home of minor victim, and the third sexual offense crime on which they were instructed. The State contends that this gave the trial court a proper basis to pass judgment and sentence defendant appropriately. *See Lyons v. State,* 690 So.2d 695 (1997) (finding no prejudicial error in verdict form that listed "conspiracy to commit robbery" instead of "conspiracy to commit armed robbery or robbery with a dangerous weapon"); *Broadus v. State,* 487 N.E.2d 1298 (1986) (error in indicating "burglary" instead of "robbery" on verdict sheet was harmless where jury was well acquainted with crime charged).

We agree with the State and find that this was not fundamental error requiring arrest of judgment. While the jury returned verdict sheets stating that defendant was guilty of the crime of first degree sexual offense, the jury had been "well-acquainted" with the charge

of statutory sexual offense of a 13, 14 or 15 year old. The jury had heard the indictments which included that crime, heard the evidence, and were properly instructed on that crime. Thus, this assignment of error is overruled in part and sustained in part.

## IV.

**[4]** In his last assignment of error, defendant contends that the trial court erred in using the aggravating factor that defendant took advantage of a position of trust or confidence to commit the offenses to aggravate his sentences for the convictions of sexual offense by a person in parental role in the home of minor victim.

To be guilty of a violation of N.C. Gen. Stat. § 14-27.7(a), sexual offense by a person in parental role in the home of minor victim, a defendant must have "assumed the position of a parent in the home of a minor victim." N.C. Gen. Stat. § 14-27(a) (2001). Thus, to prove one element of this offense, it was necessary to establish the parent-child relationship, which is in itself a position of trust.

Defendant's sentence was aggravated by the trial court by use of N.C. Gen. Stat. § 15A-1340.16(d)(15) (2001), that "[t]he defendant took advantage of a position of trust or confidence to commit the offense." Also included in N.C. Gen. Stat. § 15A-1340.16(d) is the following prohibition:

> *Evidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation,* and the same item of evidence shall not be used to prove more than one factor in aggravation. Evidence necessary to establish that an enhanced sentence is required under G.S. 14-2.2 may not be used to prove any factor in aggravation.

N.C. Gen. Stat. § 15A-1340.16(d) (emphasis added).

Defendant argues that evidence necessary to prove an element of the offense for which one is convicted may not be used to prove any sentencing factor in aggravation, and thus the trial court erred by doing so. *See State v. Raines,* 319 N.C. 258, 266, 354 S.E.2d 486, 491 (1987); *State v. Hughes,* 114 N.C. App. 742, 745, 443 S.E.2d 76, 78, *disc. review denied,* 337 N.C. 697, 448 S.E.2d 536 (1994). We agree.

The State contends that "[e]vidence used to prove an element of one offense may also be used to support an aggravating factor of a separate joined offense." *State v. Crockett,* 138 N.C. App. 109, 119, 530 S.E.2d 359, 365, *disc. review denied,* 352 N.C. 593, 544 S.E.2d 790

(2000). In *Crockett*, the defendant was convicted of two counts of statutory rape and four counts of sexual activity by a custodian. *Id.* at 112, 530 S.E.2d at 361. The two counts of statutory rape were consolidated for judgment. *Id.* The sentence for this judgment was increased by the trial court upon finding that defendant in that case took advantage of a position of trust. This Court, as stated above, held that this was permissible.

*Crockett* is not controlling in the present case. In that case, it appears that the trial court consolidated the statutory rape charges. It is unknown whether or not the four convictions of sexual activity by a custodian were consolidated with each other or not. Yet it seems that the convictions of the different charges were kept separate. That Court held that an element of the sexual activity charge, the abuse of a position of trust, could be used to elevate a "separate joined offense." We do not interpret this to mean that a conviction for sexual activity by a custodian can be joined with a separate offense, such as statutory rape, and be elevated by the aggravating factor of abusing a position of trust. The prohibition against elevating the punishment for a crime by one of its already established elements is not that easy to circumvent.

In the present case, there were three judgments. The first, 00 CRS 54807, included five convictions of taking indecent liberties with a minor and five convictions of sexual offense of a 13, 14 or 15 year old. This judgment was properly increased upon the finding of the aggravating factor of abusing a position of trust. *See State v. Caldwell*, 85 N.C. App. 713, 355 S.E.2d 813 (1987) (A familial relationship is not required for indecent liberties, and aggravating the sentence because defendant abused a position of trust was proper.). However, the other two judgments, 00 CRS 54812 and 00 CRS 54815, included convictions of sexual activity by a person in a parental role in the home of minor victim. These judgments were improperly increased upon the finding of the aggravating factor of abusing a position of trust. Thus, we remand for a new sentencing hearing. *See State v. Corbett*, 154 N.C. App. 713, 718, 573 S.E.2d 210, 214 (2002).

We hold that while defendant received a fair trial, judgment in case number 00 CRS 54820 as to defendant's conviction in violation of N.C. Gen. Stat. § 14-27.7(a) is arrested. Further, we remand for resentencing case numbers 00 CRS 54812 and 54815 in a manner not inconsistent with this opinion.

**DEPARTMENT OF TRANSP. v. AIRLIE PARK, INC.**

[156 N.C. App. 63 (2003)]

Arrested in part; remanded for resentencing in part; no error in part.

Judges WALKER and CAMPBELL concurred in this opinion prior to 31 December 2002.