STATE OF NORTH CAROLINA v. RODNEY JAY TUCKER

No. 113PA03

(Filed 5 December 2003)

**Sentencing— aggravating factor—abused position of trust or confidence—consolidation of convictions for multiple offenses**

The trial court did not err by aggravating defendant's sentence in two judgments that consolidated convictions for multiple offenses of statutory sexual offense of a person 13, 14, or 15, indecent liberties, and sexual offense by a person in a parental role based on defendant's abuse of his position of trust or confidence, because: (1) the trial judge is required by the Structured Sentencing Act to enter judgment on a sentence for the most serious offense in a consolidated judgment, and aggravating factors applied to the sentence for a consolidated judgment will apply only to the most serious offense in that judgment; (2) statutory sexual offense of a person aged 13, 14 or 15 is the most serious

**STATE v. TUCKER**

[357 N.C. 633 (2003)]

offense in each of the judgments; and (3) the aggravating factor of abusing a position of trust or confidence thus did not apply to the crime of sexual offense by a person in a parental role but applied only to the most serious crime of sexual offense of a person aged 13, 14, or 15. N.C.G.S. § 15A-1340.15(b).

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 156 N.C. App. 53, 575 S.E.2d 770 (2003), arresting in part, remanding for resentencing in part, and finding no error in part judgments entered 24 July 2001 by Judge Henry E. Frye, Jr., in Superior Court, Forsyth County. Heard in the Supreme Court 10 September 2003.

*Roy Cooper, Attorney General, by Christopher W. Brooks, Assistant Attorney General, for the State-appellant.*

*Brian Michael Aus for defendant-appellee.*

PARKER, Justice.

The issue before this Court is whether the Court of Appeals erred in holding that the trial court improperly aggravated defendant's sentence in two of three judgments that consolidated convictions for multiple offenses.

Defendant Rodney J. Tucker was arrested pursuant to a warrant issued on 15 September 2000. Defendant was indicted on fourteen counts of statutory sexual offense of a person aged 13, 14, or 15; seven counts of indecent liberties with a child; and seven counts of sexual offense by a person in a parental role, all arising from the accusations of defendant's stepdaughter concerning two years of sexual molestation and abuse by defendant. According to the parties' briefs, defendant was also indicted on one count of attempted first-degree statutory rape. Defendant's case came on for trial at the 16 July 2001 criminal session of Forsyth County Superior Court. At the close of the State's evidence, defendant successfully moved for dismissal of the charge of attempted first-degree statutory rape.

After the jury returned a unanimous verdict, the trial court entered judgment on 24 July 2001 for fourteen counts of statutory sexual offense of a person aged 13, 14 or 15; seven counts of indecent liberties with a child; and seven counts of sexual offense by a person in a parental role. The court found one aggravating factor, that defendant abused a position of trust or confidence. N.C.G.S. § 15A-1340.16(d)(15) (2001). The court also found two mitigating fac-

tors, that defendant has a support system in the community and that defendant has a positive employment history or is gainfully employed. N.C.G.S. § 15A-1340.16(e)(18), (19). The court decided that the factors in aggravation outweighed the factors in mitigation. The court then consolidated the offenses into three distinct judgments. The first judgment is labeled 00CRS054807 and consists of cases 00CRS054807, 54808, 54809, 54810, and 54811. This first judgment includes five counts of statutory sexual offense of a person aged 13, 14, or 15 and five counts of indecent liberties with a child. The second judgment is labeled 00CRS054812 and consists of cases 00CRS054812, 54813, and 54814. This judgment includes three counts of statutory sexual offense of a person aged 13, 14, or 15, one count of indecent liberties with a child, and two counts of sexual offense by a person in a parental role. The third judgment is labeled 00CRS054815 and consists of cases 00CRS054815, 54817, 54820, 54822, 54823, and 54825. This judgment includes six counts of statutory sexual offense of a person aged 13, 14, or 15, one count of indecent liberties with a child, and five counts of sexual offense by a person in a parental role. After calculating defendant's criminal history to be at record level II, the court sentenced defendant to three consecutive terms of imprisonment of a minimum term of 334 months to a maximum term of 410 months.

A unanimous panel of the Court of Appeals found no error with respect to two evidentiary issues raised by defendant, arrested judgment for one conviction for sexual offense by a person in a parental role, and remanded for resentencing with respect to two of the three consolidated judgments. *State v. Tucker*, 156 N.C. App. 53, 575 S.E.2d 770 (2003). The State did not appeal the arrested judgment for the one conviction for sexual offense by a person in a parental role. The State did, however, petition for discretionary review of the portion of the Court of Appeals' opinion remanding judgments 00CRS54812 and 54815 for resentencing, and this Court allowed the petition.

Respecting the pertinent issue on appeal, the Court of Appeals found error with the trial court's application of aggravating factors in sentencing. *Id.* at 62, 575 S.E.2d at 776. Specifically, the court held that the two judgments including convictions of sexual offense by a person in a parental role, 00CRS54812 and 54815, were improperly increased by use of the aggravating factor that defendant took advantage of a position of trust or confidence, N.C.G.S. § 15A-1340.16(d)(15). *Id.* The Court of Appeals determined that evidence establishing the parent-child relationship was required

to prove both the crime of sexual offense by a person in a parental role as well as the aggravating factor that defendant took advantage of a position of trust. *Id.* at 61-62, 575 S.E.2d at 775-76. According to the court's reasoning, such use of this evidence twice within the same judgment violated N.C.G.S. § 15A-1340.16(d) which reads, "[e]vidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation . . . ." *Id.*

Before this Court the State contends that the Court of Appeals erred in remanding the second and third of the three consolidated judgments, 00CRS054812 and 54815, for resentencing. We agree.

We note at the outset that the same evidence cannot be used to prove an element of a crime and to prove an aggravating factor on the same conviction. N.C.G.S. § 15A-1340.16(d). Applying this statute, this Court has held that "[a] sentence may not be aggravated by evidence supporting an element of the same offense." *State v. Wilson*, 354 N.C. 493, 522, 556 S.E.2d 272, 291 (2001), *overruled on other grounds by State v. Millsaps*, 356 N.C. 556, 572 S.E.2d 767 (2002). *See also State v. Mickey*, 347 N.C. 508, 514, 495 S.E.2d 669, 673 (1998) (citing *State v. Hayes*, 323 N.C. 306, 312, 372 S.E.2d 704, 707-08 (1988)). In *State v. Raines*, 319 N.C. 258, 354 S.E.2d 486 (1987), the defendant was convicted for the crime of engaging in vaginal intercourse with a person over whom defendant's employer had assumed custody. *Id.* at 261, 354 S.E.2d at 488. This Court determined that "a relationship of trust and confidence was needed to prove the custodial element of the offense" and, therefore, held that the finding of the aggravating factor abuse of a position of trust or confidence violated the statutory scheme. *Id.* at 266, 354 S.E.2d at 491.[1] Thus, defendant is correct that a single conviction cannot be aggravated by evidence used to prove an element of that offense.

However, in situations where a defendant is convicted of two or more offenses, the General Assembly has given the trial court discretion to consolidate the offenses into a single judgment. N.C.G.S. § 15A-1340.15(b) (2001). The Structured Sentencing Act states that:

The judgment shall contain a sentence disposition specified for the class of offense and prior record level of the most serious offense, and its minimum sentence of imprisonment shall be

---

[1]. The Court in *Raines* applied the Fair Sentencing Act, predecessor to the Structured Sentencing Act, the pertinent substance of which is identical. N.C.G.S. § 1340.4 (a)(1) (1983) (position of trust aggravating factor).

within the ranges specified for that class of offense and prior record level, unless applicable statutes require or authorize another minimum sentence of imprisonment.

*Id.* Thus, when separate offenses of different class levels are consolidated for judgment, the trial judge is required to enter judgment containing a sentence for the conviction at the highest class. Accordingly, the trial judge is limited to the statutory sentencing guidelines, set out at N.C.G.S. § 1340.17(c), for the class level of the most serious offense, rather than any of the lesser offenses in that same consolidated judgment. The trial court may, however, depart from the appropriate sentencing guidelines for the most serious offense upon finding that aggravating or mitigating factors exist. N.C.G.S. § 15A-1340.16(b).

Determination of the convictions to which the sentencing guidelines apply becomes important for the application of aggravating factors. While "[e]vidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation, and the same item of evidence shall not be used to prove more than one factor in aggravation," N.C.G.S. § 15A-1340.16(d), where consolidated judgments are concerned, the analysis must go further. Any aggravating factors that are applied to the sentence will necessarily only apply to the offense in the judgment which provides the basis for the sentencing guidelines. Since the trial judge is required by the Structured Sentencing Act to enter judgment on a sentence for the most serious offense in a consolidated judgment, aggravating factors applied to the sentence for a consolidated judgment will only apply to the most serious offense in that judgment. *See State v. Miller*, 316 N.C. 273, 284, 341 S.E.2d 531, 538 (1986) ("[W]hen cases are consolidated for judgment, and the judge makes findings of aggravating and mitigating factors for the most serious offense for which defendant is being sentenced, the judge's failure to make findings of such factors for the lesser offenses consolidated will not constitute reversible error." (italics omitted)).

This Court has had occasion in previous opinions to address the application of aggravating factors to consolidated judgments. In *State v. Farlow*, 336 N.C. 534, 444 S.E.2d 913 (1994), this Court considered a case in which the defendant was convicted of second-degree sexual offense and taking indecent liberties with a child. The Court in *Farlow* considered two consolidated judgments, each consisting of several counts of second-degree sexual offense and several counts of taking indecent liberties with a child. *Id.* at 536, 444 S.E.2d at 914-15.

In that case, applying substantially similar language in the Fair Sentencing Act as the statute at issue here, the trial court aggravated the defendant's sentence for second-degree sexual offense by the fact of the victim's young age. *Id.* at 536, 444 S.E.2d at 915. This Court stated that the sentence could be aggravated by the young age of the victim because age is not an element of second-degree sexual offense, even though it is an element of the joined offense of taking indecent liberties with a child. *Id.* at 541, 444 S.E.2d at 918. "[T]he rule barring use of joinable convictions as an aggravating factor does not apply to use of a fact needed to prove an element of a contemporaneous conviction." *Id.* at 541, 444 S.E.2d at 917-18 (citing *State v. Wright*, 319 N.C. 209, 214, 353 S.E.2d 214, 218 (1987)). Although in *Farlow* the Court also determined that age could be used to aggravate the offense of taking indecent liberties with a child based on a different rationale, the Court specifically decided that use of a fact to aggravate a sentence where that same fact was needed to prove an element of a joined offense was not improper. *Id.*

Likewise, in *State v. Wright*, 319 N.C. 209, 353 S.E.2d 214 (1987), this Court upheld an aggravating factor that was based on evidence necessary to prove a separate offense. In that case, the defendant's second-degree murder conviction was aggravated by evidence "that the victim was handcuffed with her hands behind her back when she was stabbed." *Id.* at 212, 353 S.E.2d at 216. The defendant argued that this evidence was necessary to prove an element of first-degree kidnapping, for which the defendant was also convicted. *Id.* at 213, 353 S.E.2d at 217. This Court disagreed with the defendant on this point, but noted that even if the evidence were necessary to prove first-degree kidnapping, there would still be no error. *Id.* at 213, 353 S.E.2d at 217-18. Although the convictions in *Wright* were not consolidated for judgment, this Court noted that:

> we believe that the rule in *Westmoreland* and *Lattimore* would control in the instant case only if the prohibition . . . against using the same evidence to prove both an element of the offense and a factor in aggravation, also extends to using evidence necessary to prove an element of a joined or joinable offense for which defendant was convicted. We have already decided that question in the negative.

*Id.* at 214, 353 S.E.2d at 218. Thus, this Court recognized that where two or more offenses were joined for judgment, one offense could be properly aggravated by evidence needed to prove a separate joined offense.

**STATE v. TUCKER**

[357 N.C. 633 (2003)]

In this case, the trial court consolidated twenty-eight convictions into three judgments. To begin our analysis we note that the first judgment is not implicated in this appeal because it does not contain the conviction that defendant contends was improperly aggravated, namely, sexual offense by a person in a parental role. The two judgments at issue in this case each consisted of three separate offenses. Statutory sexual offense of a person aged 13, 14, or 15, a class B1 felony, is the most serious offense in each of the judgments. N.C.G.S. § 14-27.7A(a) (2001). The offense of taking indecent liberties with a child is punishable as a class F felony and sexual offense by a person in a parental role is punishable as a class E felony. N.C.G.S. §§ 14-202.1(b), -27.7(a) (2001). Thus, under the Structured Sentencing Act, the judge was required to and did enter judgment containing a sentence at the level of the class B1 felony rather than for the lesser offenses. *See* N.C.G.S. § 15A-1340.15(b). This also means that the judge was bound by the class B1 sentencing guidelines, and not the class E or class F sentencing guidelines. *See* N.C.G.S. § 15A-1340.17(c).

In finding factors of aggravation and mitigation, the court found that defendant abused a position of trust to commit these crimes. N.C.G.S. § 15A-1340.16(d)(15). The only evidence in the record to support the position of trust aggravator is evidence of a parent-child relationship. Defendant contends that this evidence was also needed to prove an element of sexual offense by a person in a parental role and that applying the aggravator of abusing a position of trust to a judgment containing the conviction for sexual offense by a person in a parental role violates N.C.G.S. § 15A-1340.16(d).

To be guilty of sexual offense by a person in a parental role, the defendant must have "assumed the position of a parent in the home of a minor victim." N.C.G.S. § 14-27.7(a). Evidence of a parent-child relationship therefore was necessary to prove that defendant stood in a parental role with regard to the victim. A parent-child relationship is also indicative of a position of trust and such evidence supports the aggravating factor of abusing a position of trust. *State v. Daniel,* 319 N.C. 308, 311, 354 S.E.2d 216, 218 (1987). However, sexual offense by a person in a parental role was not the most serious offense in the consolidated judgment and was not the offense from which defendant's sentence was derived. Thus the aggravating factor of abusing a position of trust did not apply to the crime of sexual offense by a person in a parental role. Rather, the aggravator applied to the most serious offense in each of the two consolidated judgments, which was the statutory sexual offense of a person aged 13, 14, or 15.

**N.C. FORESTRY ASS'N v. N.C. DEP'T OF ENV'T & NATURAL RES.**

[357 N.C. 640 (2003)]

Although defendant argues that the trial court cannot aggravate a sentence for a consolidated judgment using an element of a lesser included offense, defendant concedes that the trial court could have structured the judgments in a different manner in order to use the aggravator. The trial court had the discretion to consolidate the convictions for sexual offense by a person in a parental role into a fourth, separate judgment. In that situation, even by defendant's reasoning, the remaining three consolidated judgments could have been aggravated by abuse of a position of trust, leaving defendant with a longer prison sentence than he actually received because of the additional judgment. As this Court noted in *State v. Miller*, 316 N.C. 273, 341 S.E.2d 531, consolidation of offenses "works to the benefit of the defendant by limiting the maximum sentence that he can receive for all of the convictions so consolidated." *Id.* at 284, 341 S.E.2d at 538. Accordingly, we fail to see how defendant would benefit if N.C.G.S. § 15A-1340.16(d) precluded the aggravation of the most serious offense in a consolidated judgment.

For the foregoing reasons we hold that the trial court did not err in applying the aggravating factor of abusing a position of trust to consolidated judgments 00CRS054812 and 54815. The decision of the Court of Appeals is reversed and the cases remanded to that court for remand to Superior Court, Forsyth County, for reinstatement of the judgments in cases 54812 and 54815.

REVERSED AND REMANDED.