STATE OF NORTH CAROLINA
v.
EDWARD LEWIS MATHIS.
No. COA05-454
North Carolina Court of Appeals
Filed February 21, 2006
This case not for publication
Haywood County No. 03 CRS 1764.
Attorney General Roy Cooper, by Assistant Attorney General Amy C. Kunstling, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Daniel R. Pollitt, for defendant-appellant.
McGEE, Judge.
Edward Lewis Mathis (defendant) was convicted of statutory rape and second degree rape of a fourteen-year-old girl (the victim). The trial court sentenced defendant to a term of 270 months to 333 months in prison for statutory rape and 116 months to 149 months in prison for second degree rape, and ordered the sentences to run concurrently. Defendant appeals. A recitation of the facts is unnecessary to the resolution of the legal issues presented by defendant's appeal.

I.
Defendant first argues the trial court committed plain error by allowing the State to introduce evidence regarding three uncharged sexual offenses allegedly committed by defendant against the victim at the same time as the charged offenses. Defendant argues the evidence was irrelevant and was improper character evidence.
However, in State v. Agee, 326 N.C. 542, 391 S.E.2d 171 (1990), our Supreme Court noted:
"Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or [if it] forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury."
Id. at 548, 391 S.E.2d at 174 (quoting United States v. Williford, 764 F.2d 1493, 1499 (11th Cir. 1985)). In Agee, a police officer suspected the defendant of driving while intoxicated and stopped the defendant's vehicle. Agee, 326 N.C. at 548, 391 S.E.2d at 174. The defendant made a threatening remark and the officer called for backup. When backup arrived, the officer searched the defendant's person for weapons and discovered a bag of marijuana. The officer then searched the defendant's car and discovered LSD. Id.
During the defendant's trial for possession of LSD, the State offered evidence, over objection, that the defendant possessed marijuana at the time of his arrest, even though the defendant had been previously acquitted of possession of marijuana. Id. at 544-45, 391 S.E.2d at 172-73. The Court held the evidence was admissible, finding that "[d]iscovery of the marijuana on [the] defendant's person constituted an event in the officer's narrative which led naturally to the search of [the] defendant's vehicle and the subsequent detection of the LSD." Id. at 548, 391 S.E.2d at 174.
In the present case, evidence regarding defendant's alleged sexual offenses against the victim was also admissible to explain the context and set-up of the crimes with which defendant was charged. The other crimes were linked in time and circumstances with the charged crimes because they took place in the same location and all comprised one sequence of events. Accordingly, the evidence was admissible and we overrule defendant's assignment of error.

II.
Defendant next argues he "is entitled to a new trial on the statutory rape/sex offense count because the verdict and judgment are ambiguous, unresponsive, insensible, and non-unanimous." The verdict sheet submitted to the jury lists the statutory rape offense as "statutory rape/sex offense[.]" Also, the judgment lists the offense as "STAT RAPE/SEX OFFN DEFENDANT >=6YR." Defendant argues that entry of judgment upon the incorrect verdict sheet amounted to reversible error, particularly in light of the State's introduction of evidence of uncharged sexual offenses allegedly committed by defendant.
It is reversible error for a trial court to pronounce judgment upon a verdict which is imperfect, informal, insensible or non-responsive to the indictment. State v. Ingram, 271 N.C. 538, 540, 157 S.E.2d 119, 121 (1967). However, in State v. Tucker, 156 N.C. App. 53, 575 S.E.2d 770, rev'd in part on other grounds, 357 N.C. 633, 588 S.E.2d 853 (2003), our Court recognized that "a verdict is sufficient if it 'can be properly understood by reference to the indictment, evidence and jury instructions.'" Id. at 60, 575 S.E.2d at 774 (quoting State v. Connard, 81 N.C. App. 327, 336, 344 S.E.2d 568, 574 (1986), aff'd per curiam, 319 N.C. 392, 354 S.E.2d 238 (1987)).
In Tucker, the defendant was indicted on, inter alia, fourteen counts of statutory sexual offense of a 13, 14 or 15-year-old. Tucker, 156 N.C. App. at 59, 575 S.E.2d at 774. The trial court properly instructed the jury on these counts, but then submitted verdict sheets to the jury which incorrectly listed the offense in the fourteen counts as first degree sexual offense. Id. The jury then rendered its verdicts of guilty and the trial court accepted the verdict sheets without objection from either party. Id. Our Court held there was no fundamental error, reasoning as follows:
While the jury returned verdict sheets stating that [the] defendant was guilty of the crime of first degree sexual offense, the jury had been "well-acquainted" with the charge of statutory sexual offense of a 13, 14 or 15 year old. The jury had heard the indictments which included that crime, heard the evidence, and were properly instructed on that crime.
Id. at 60-61, 575 S.E.2d at 775.
In the case before us, the error on the verdict sheet did not amount to fundamental error. While the jury did not hear the indictment, such a procedure was not permitted by statute. See, N.C. Gen. Stat. § 15A-1221(b) (2005). However, the indictment properly charged defendant with "STATUTORY RAPE OF PERSON WHO IS 13, 14 OR 15 YEARS OLD[.]" Also, the jury heard the State's evidence regarding the statutory rape charge and was properly instructed on the charge of statutory rape. Accordingly, the error on the verdict sheet did not amount to fundamental error and we overrule this assignment of error.

III.
Defendant next argues his conviction for statutory rape must be vacated because he received multiple punishments for the same offense in violation of the state and federal constitutional prohibitions against double jeopardy. However, where a defendant fails to object to the submission of two charges on the grounds that punishment for both would violate double jeopardy, the defendant has waived appellate review of the issue. State v. Bell, 359 N.C. 1, 27-28, 603 S.E.2d 93, 111-12 (2004), cert. denied, ___ U.S. ___, 161 L. Ed. 2d 1094 (2005); State v. Fernandez, 346 N.C. 1, 18, 484 S.E.2d 350, 361 (1997); State v. McLaughlin, 321 N.C. 267, 272, 362 S.E.2d 280, 283 (1987). Defendant in the present case did not object to the submission of the charges of statutory rape and second degree rape at trial. Defendant therefore failed to preserve this issue for appellate review and we overrule defendant's assignment of error.

IV.
Defendant argues he is entitled to a new trial because the trial court improperly excluded evidence offered by defendant to impeach the victim's credibility. Initially, we note the accused in a criminal case has a constitutional right to cross-examine the witnesses against him. State v. Wrenn, 316 N.C. 141, 144, 340 S.E.2d 443, 446 (1986). However, the scope of cross-examination of witnesses is a matter within the sound discretion of the trial court, and the trial court's rulings thereon will only be disturbed upon a showing of abuse of discretion. Id.
Defendant argues the trial court erroneously excluded evidence that the victim made a false accusation that she was sexually abused by her uncle when she was seven years old. Defendant also argues the trial court erred by excluding evidence that the victim falsely accused another person of fraud and that the victim suffered from severe mental illness.
In State v. Galloway, 145 N.C. App. 555, 551 S.E.2d 525 (2001), appeal dismissed, 356 N.C. 307, 570 S.E.2d 885 (2002), the defendants were convicted of rape, sexual offense, attempted murder and kidnapping. Id. at 558, 551 S.E.2d at 528. The defendants argued the trial court erred by excluding their proffered impeachment evidence of the victim "such as her history of drug addiction, an alleged suicide attempt, and her psychiatric history." Id. at 564, 551 S.E.2d at 532. However, our Court found that the defendants were afforded an adequate opportunity to impeach the victim, noting the extensive impeachment evidence successfully offered into evidence:
[D]uring cross-examination, the victim admitted that she was addicted to crack cocaine, and she had smoked crack the very day of these crimes. Additionally, the victim was asked about an alleged suicide attempt, when she allegedly attempted to cut her wrists, and she denied it. Moreover, as to the victim's psychiatric history, the victim admitted to visiting psychiatrists. She further admitted that she was involuntarily committed into a"detox" center, which she left against medical recommendation.
Also, evidence was presented that the victim, who used several aliases, had been convicted of writing bad checks, driving while her license was revoked, and prostitution. Moreover, during this point in her life, the victim admitted that she was going through a difficult timefinancial problems, depression, and her husband's recent imprisonment.
Id.
In the present case, defendant also was afforded ample opportunity to impeach the victim's credibility regarding the victim's drug use, psychiatric history and criminal activity. On cross-examination, the victim admitted taking Oxycontin, a pharmaceutical drug, in 2003, the year the rape occurred. Mikell Clark-Webb (Ms. Clark-Webb), a therapist for Meridian Behavioral Help Services, also testified that she met with the victim on 15 September 2003. Ms. Clark-Webb testified the victim "tried and used many drugs including alcohol, marijuana, pain pills, crack, cocaine, methadone and skittles[]" in 2003. The victim also admitted that she was "really intoxicated" at the time of the rape, having taken two Vicodin pills and having drunk three or four beers. She also admitted smoking marijuana around the time of the rape.
With regard to her psychiatric history, the victim admitted taking Clonopin, a nerve medication, in 2003. Defendant also offered further testimony of Ms. Clark-Webb that the victim's depression worsened when she moved into her father's house, where the rape subsequently occurred. Defendant also was able to cross-examine the victim regarding her criminal activity. She admitted on cross-examination that she had fraudulently cashed a check at a Wal-Mart store. Defendant also cross-examined the victim about her assault on a police officer in August 2003. Because defendant was afforded substantial opportunity to impeach the victim's credibility, we find the trial court did not abuse its discretion in excluding other impeachment evidence. Therefore, we overrule defendant's final assignment of error.
No error.
Chief Judge MARTIN and Judge STEELMAN concur.
Report per Rule 30(e).