STATE OF NORTH CAROLINA v. RICHARD RHODES

No. 174A87

(Filed 5 November 1987)

1. **Rape and Allied Offenses § 5— first degree rape—intercourse with child under thirteen**

    The evidence was sufficient to support defendant's conviction of first degree rape under N.C.G.S. § 14-27.2(a)(1) where the victim and her brother both testified that defendant had intercourse with the victim, and the evidence showed that the victim was ten years old and defendant was twenty-nine years old at the time.

2. **Rape and Allied Offenses § 19— indecent liberties with child—sufficient evidence**

    The evidence was sufficient to support defendant's conviction of taking indecent liberties with a minor where it tended to show that the twenty-nine-year-old defendant engaged in sexual intercourse with the ten-year-old daughter of his girlfriend. N.C.G.S. § 14-202.1.

3. **Witnesses § 1.2— competency of children to testify**

    The trial court did not err in ruling that the ten-year-old victim and her nine-year-old brother were qualified to testify in a rape and indecent liberties case where the *voir dire* testimony of the children supported the court's findings and conclusion that both children were capable of expressing themselves concerning the matters about which they were to testify and that the children understood the importance of telling the truth. N.C.G.S. § 8C-1, Rule 601(b).

**4. Criminal Law § 26.5— convictions of rape and indecent liberties—no double jeopardy**

      Defendant was not placed in double jeopardy by being convicted and sentenced for both first degree rape and taking indecent liberties with a minor based on the same incident since each offense requires proof of a fact not required by the other offense.

APPEAL by defendant as of right from a life sentence imposed by *Watts, Judge*, at the 17 November 1986 session of Superior Court, WASHINGTON County. Defendant's motion to bypass the Court of Appeals on an appeal from a sentence of less than life was allowed. Heard in the Supreme Court 9 September 1987.

The defendant was tried for first degree rape and taking indecent liberties with a child. The State's evidence showed that on 4 January 1986 the defendant, who was 29 years of age, was living in a trailer with his girlfriend and her two children. The two children were a girl, ten years of age, and a boy, nine years of age at the time of the trial. The ten year old girl testified that while her mother was away from home the defendant took her into the bedroom where he told her to undress and lie on the bed, which she did. The defendant then undressed, got on top of her and inserted his penis into her vagina. The defendant told her he would kill her, her mother and her brother if she told anyone what happened. The nine year old boy testified that he peeped through a crack in the door of the bedroom and saw the defendant when he told the boy's sister to undress. He then saw the defendant undress, get on top of his sister and insert his penis into her vagina.

The defendant testified and denied that he had intercourse with the ten year old girl. The defendant was convicted of both charges. He was sentenced to life in prison for the rape and ten years for the taking of indecent liberties with a minor. The defendant appealed.

*Lacy H. Thornburg, Attorney General, by Catherine C. McLamb, Assistant Attorney General, for the State.*

*Maynard A. Harrell, Jr., for defendant appellant.*

WEBB, Justice.

[1] The defendant first contends there was not sufficient evidence to convict him of either first degree rape or taking indecent

liberties with a minor. We deal first with the charge of first degree rape. N.C.G.S. § 14-27.2 provides in part:

>    (a) A person is guilty of rape in the first degree if the person engages in vaginal intercourse:

>    (1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim; or

>    . . . .

A person may be guilty of first degree rape if (1) he has vaginal intercourse with a child under the age of 13 years, (2) he is at least 12 years old and (3) he is at least four years older than the victim. *State v. Weaver*, 306 N.C. 629, 295 S.E. 2d 375 (1982). In this case two witnesses, the ten year old prosecuting witness and her nine year old brother, testified the defendant had intercourse with the ten year old girl. There was testimony from several witnesses that the prosecuting witness was ten years of age. The defendant testified he was born on 4 February 1956 which would make him 29 years of age on 4 January 1986. This evidence is sufficient to withstand a motion to dismiss on the charge of first degree rape.

[2]    As to the charge of taking indecent liberties with a minor, N.C.G.S. § 14-202.1 provides in part:

>    (a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

>    (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

>    . . . .

In order to obtain a conviction under this statute, the State must prove (1) the defendant was at least 16 years of age, (2) he was five years older than his victim, (3) he willfully took or attempted to take an indecent liberty with the victim, (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred, and (5) the action by the defendant was for the purpose

of arousing or gratifying sexual desire. *State v. Hicks,* 79 N.C. App. 599, 339 S.E. 2d 806 (1986). The first four of these elements were proved by direct evidence. The fifth element, that the action was for the purpose of arousing or gratifying sexual desire, may be inferred from the evidence of the defendant's actions. This is sufficient evidence to withstand a motion to dismiss the charge of taking indecent liberties with a child.

[3] The defendant next contends it was error for the court to allow the ten year old girl to testify. He contends she should have been disqualified under N.C.G.S. § 8C-1, Rule 601(b) which provides:

> A person is disqualified to testify as a witness when the court determines that he is (1) incapable of expressing himself concerning the matter as to be understood, either directly or through interpretation by one who can understand him, or (2) incapable of understanding the duty of a witness to tell the truth.

Prior to the testimony of the witness, the court conducted a voir dire hearing out of the presence of the jury to determine her competency to testify. She testified she was ten years of age and in the fourth grade at Pines Elementary School. She testified that she was living with her grandmother at the time and testified as to the other people who lived there. She also testified she could read and write and made good grades in school. She testified further she understood that she would go to jail if she did not tell the truth. The court made findings of fact consistent with this testimony and concluded as follows:

> the witness . . . has demonstrated a sufficient level of intelligence to express herself concerning the matters and things about which she will be testifying so as to be understood and that the witness . . . is fully capable of and does understand the importance of telling the truth as a witness and is not thereby disqualified as a witness pursuant to General Statute 8C-1, Rule 601(b).

The testimony of the ten year old child supported the findings of fact and the conclusion of the court that she was capable of expressing herself concerning the matters and things about which she was to testify and that she understood the importance of tell-

ing the truth. It was not error for the court not to disqualify the witness pursuant to Rule 601(b). *See State v. DeLeonardo,* 315 N.C. 762, 340 S.E. 2d 350 (1986) and *State v. Fields,* 315 N.C. 191, 337 S.E. 2d 518 (1985).

The defendant also assigns error to the court's allowing the younger brother of the prosecuting witness to testify. Prior to his testimony, the court conducted a voir dire out of the presence of the jury. The child testified to his age, where he lived, with whom he lived, where he went to school and the names of his teachers. He also testified that he saw the defendant do something to his sister. He testified further that he knew it was wrong to tell a lie, that Jesus did not want him to tell a lie, and that he would go to jail if he did not tell the truth. The court made findings of fact consistent with this evidence and concluded that the child had "demonstrated a sufficient level of intelligence to express himself concerning the matters and things about which he will be testifying so as to be understood and . . . is fully capable of and does understand the importance of telling the truth as a witness." The court refused to disqualify the nine year old boy as a witness. The testimony of the nine year old supported the findings of fact of the court. The findings of fact supported the conclusion of law by the court that the nine year old boy was not disqualified as a witness. *See DeLeonardo,* 315 N.C. 762, 340 S.E. 2d 350 and *Fields,* 315 N.C. 191, 337 S.E. 2d 518.

[4] In his last assignment of error, the defendant contends that the failure to arrest judgment of his conviction of taking indecent liberties with a minor subjected him to double jeopardy. He says this is so because the rape charge and the taking indecent liberties charge grew from the same facts and circumstances. A person is not subject to double jeopardy by being prosecuted for two separate crimes based on the same transaction provided each offense for which he is tried requires proof of a fact which the other offense does not. *Blockburger v. United States,* 284 U.S. 299, 76 L.Ed. 306 (1932). In this case, proof of rape requires proof of vaginal intercourse, while proof of taking indecent liberties with a minor requires proof that the defendant committed the act for the purpose of arousing or gratifying sexual desire. Vaginal intercourse is not an element of taking indecent liberties with a minor and committing the act for the purpose of arousing or gratifying sexual desire is not an element of rape. The defendant was not

placed in double jeopardy by being convicted of both crimes. *State v. Etheridge*, 319 N.C. 34, 352 S.E. 2d 673 (1987) and *Weaver*, 306 N.C. 629, 295 S.E. 2d 375.

No error.