STATE OF NORTH CAROLINA v. RUSSELL ELLIS ROBERTS

No. COA03-1424

(Filed 19 October 2004)

**1. Rape— statutory—fifteen-year-old victim**

There was sufficient evidence of the victim's age in a statutory rape prosecution where the victim was 15 years and eleven months old. The fair meaning of "15 years" in the statutory rape statute includes children in their 15th year until they reach their 16th birthday.

**2. Rape; Indecent Liberties— identification of defendant— sufficiency**

The identification of defendant in a statutory rape and indecent liberties prosecution was sufficient where the victim identified defendant in a photo lineup and in court, her brother identified defendant as the man who gave them a ride that day, and the physical evidence corroborated the victim's account of events.

Appeal by defendant from judgment entered 27 March 2003 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 31 August 2004.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Margaret A. Force, for the State.*

*Margaret Creasy Ciardella for defendant-appellant.*

HUNTER, Judge.

Russell Ellis Roberts ("defendant") appeals his conviction of one count of statutory rape of a person fifteen years old and one count of taking indecent liberties with a child, on the grounds the trial court erred in denying defendant's motion to dismiss both charges for insufficiency of the evidence. We disagree and find no error.

The State's evidence tended to show that on 13 September 2001, M.M., a fifteen-year-old female, along with her younger brother, B.M., accepted a ride from an adult male and young girl in a white car. The adult male, identified by M.M. as defendant, dropped off B.M. and the girl at their respective schools. He then took M.M. to a nearby park where he asked her to strip, a request she refused. M.M. pretended to speak with her mother on a non-functioning cell phone. Defendant

asked to use the cell phone and was told it would not work for out-going calls. He then pushed M.M. to the ground until she gave him the phone. Defendant led M.M. into the surrounding woods and threat-ened her with a large limb when she began to cry. M.M. was instructed to undress and defendant directed her to lean against a tree while he proceeded to engage in vaginal intercourse with her from behind. Defendant withdrew, masturbated and ejaculated, then directed M.M. to put her clothes back on. After leaving the woods, defendant told M.M. he had a body in the trunk of his car and that she could be there too if she said anything about what had happened.

Defendant dropped M.M. off and she returned to her home and called her mother's fiancée, who contacted M.M.'s mother and the police. M.M. gave a description of the defendant to the police and was taken to the hospital and examined. A small amount of semen was found on M.M.'s shorts, however no identifiable DNA sample was found as a result of the examination.

Approximately one month after the incident, M.M.'s mother, Costa S. Miller ("Costa"), testified that defendant, driving a white car, approached her as she walked her son, B.M., to the bus stop and asked if he knew her. Costa suggested defendant must have mistaken her for her daughter after he asked if she wore glasses. B.M. identi-fied defendant as the driver who had picked up him and his sister on the day of the earlier incident. Costa then called police. Defendant was identified from a photographic lineup by M.M. and arrested. Defendant presented no evidence at trial.

Defendant was charged with one count of statutory rape of a per-son. fifteen years old and one count of taking indecent liberties with a child. Defendant was convicted of both charges and was sentenced to a minimum-maximum term of 302 to 372 months in prison.

Defendant contends the trial court erred in denying his motion to dismiss both charges for insufficient evidence. Defendant presents two independent grounds to support this argument: (1) the indict-ment was improper under the statute governing statutory rape of a fif-teen year old, as the victim was more than fifteen, and (2) the evi-dence was insufficient as to both charges of the identity of defendant.

I.

[1] Defendant first contends insufficient evidence was given as to the age of the victim. Defendant argues the statute governing the crime of statutory rape, N.C. Gen. Stat. § 14-27.7A (2003), is properly

construed to apply only to those victims age fifteen or younger, and therefore not applicable in this case. We disagree.

Criminal statutes must be strictly construed against the State and liberally construed in favor of defendant. *See State v. Pinyatello*, 272 N.C. 312, 314, 158 S.E.2d 596, 597 (1968). However, the North Carolina Supreme Court has recognized that:

> " '[T]he canon in favor of strict construction [of criminal statutes] is not an inexorable command to override common sense and evident statutory purpose. . . . Nor does it demand that a statute be given the "narrowest meaning"; it is satisfied if the words are given their fair meaning in accord with the manifest intent of the lawmakers.' "

*State v. Jones*, 358 N.C. 473, 478, 598 S.E.2d 125, 128 (2004) (quoting *United States v. Brown*, 333 U.S. 18, 25-26, 92 L. Ed. 442, 448 (1948)).

N.C. Gen. Stat. § 14-27.7A reads in pertinent part as follows:

> (a) A defendant is guilty of a Class B1 felony if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person.

*Id.* Here the fair meaning of "15 years old," in accord with the manifest intent of the legislature when viewed in the context of the historical development of this area of law, includes children during their fifteenth year, until they reach their sixteenth birthday.

In *State v. McGaha*, 306 N.C. 699, 295 S.E.2d 449 (1982), the North Carolina Supreme Court interpreted the 1981 statutory rape law, N.C. Gen. Stat. § 14-27.4(a)(1) (1981). *McGaha* held that the age requirement of " 'a victim who is a child of the age of 12 years or less' " excluded application of the law to a child aged twelve years and eight months because the child was "something more than twelve" years. *McGaha*, 306 N.C. at 700-01, 295 S.E.2d at 450 (emphasis omitted). The Court in *McGaha* relied on the decision in *Green v. P. O. S. of A.*, 242 N.C. 78, 87 S.E.2d 14 (1955). In *Green*, a funeral benefit association required members to not be "over fifty years," and the Court held that an individual who had passed his fiftieth birthday, but was not yet fifty-one, was over fifty years. *Green*, 242 N.C. at 82-83, 87 S.E.2d at 17. However, in both *McGaha* and *Green*, the Court noted the impact of the inclusion of modifiers on their interpretation, as

*McGaha* specified twelve years or less, *McGaha*, 306 N.C. at 700, 295 S.E.2d at 450, and *Green* interpreted not over fifty years. *Green*, 242 N.C. at 82-83, 87 S.E.2d at 17.

The language adopted by the legislature in N.C. Gen. Stat. § 14-27.7A lacks these modifiers, requiring only that the victim be fifteen years old. As the Court noted in *Green*, the legislative rules for construction of statutes and subsequent court decisions have found the term "year" to mean a twelve month calender year, unless otherwise expressed. *Green*, 242 N.C. at 83, 87 S.E.2d at 17, see N.C. Gen. Stat. § 12-3(3) (2003). Further, this Court has held that North Carolina follows the " 'birthday rule' " for determination of age, that is, a person attains a given age on the anniversary date of his or her birth. *See In re Robinson*, 120 N.C. App. 874, 876-77, 464 S.E.2d 86, 88 (1995). Under these rules and principles of construction, a person would become fifteen on their fifteenth birthday and remain fifteen for a twelve month calendar year.

The legislature, in passing § 14-27.7A in 1995, unlike in the 1981 statute interpreted in *McGaha*, specifically did not restrict the victim's age to below a certain year, but rather specified the statute applied to thirteen, fourteen, and fifteen year olds. When read in conjunction with N.C. Gen. Stat. § 14-27.2 (2003), which applies to a victim of vaginal intercourse who is a child *under* the age of thirteen years, it is clear the manifest intent of the legislature was for § 14-27.7A to protect children in the three full years following age twelve. To read the statute otherwise would override common sense and the evident statutory purpose. Therefore the term "15 years old" in § 14-27.7A is properly construed as applying to any victim within the calendar year following her fifteenth birthday, until she attains the age of sixteen.

Here, M.M. was fifteen years and eleven months at the time of the offense. Further, defendant, who was thirty-three at the time of trial, does not contest that he was more than six years older than M.M. when the offense occurred. Sufficient proof of age was therefore offered to support the indictment of defendant in the charge of statutory rape of a person fifteen years old and to survive a motion to dismiss on these grounds.

II.

[2] Defendant further contends the trial court erred in denying the motion to dismiss both charges particularly for insufficient evidence identifying him as the assailant. We disagree.

Defendant was charged with statutory rape, discussed *supra*, and indecent liberties with a child. In order to obtain a conviction for the latter,

> the State must prove (1) the defendant was at least 16 years of age, (2) he was five years older than his victim, (3) he willfully took or attempted to take an indecent liberty with the victim, (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred, and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire.

*State v. Rhodes*, 321 N.C. 102, 104-05, 361 S.E.2d 578, 580 (1987). The first four elements may be proved by direct evidence and the final, "that the action was for the purpose of arousing or gratifying sexual desire, may be inferred from the evidence of the defendant's actions." *Id.* at 105, 361 S.E.2d at 580. Such a showing is sufficient evidence to withstand a motion to dismiss the charge of taking indecent liberties with a child. *Id.*

In reviewing challenges to the sufficiency of evidence, the court must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. *See State v. Scott*, 356 N.C. 591, 596, 573 S.E.2d 866, 869 (2002). Questions of credibility are for a jury's determination and are not questions for the court to resolve. *See State v. Gay*, 251 N.C. 78, 80, 110 S.E.2d 458, 459 (1959). The trial court should be concerned only with whether the evidence is sufficient for jury consideration, not with the weight of the evidence. *See State v. Earnhardt*, 307 N.C. 62, 67, 296 S.E.2d 649, 652 (1982).

The State presented evidence that M.M. identified defendant as the man who assaulted her from a photographic lineup and noted specific features on the back of the photograph as the grounds for her identification. M.M. also identified the defendant in court. M.M. had ample opportunity to view defendant prior to and after the assault, and provided a detailed description to the police after the incident. Corroboration was offered by M.M.'s brother, B.M., that defendant was the man who offered them a ride on the morning of the assault. Additionally, M.M.'s account of the sexual assault was supported by evidence of semen found on her clothing at the time of the physical examination conducted the day of the incident.

Such evidence, along with the previously discussed proof of the respective ages of the victim and defendant, when viewed in the light

most favorable to the State, was sufficient to allow a reasonable inference of all elements of both crimes. Therefore the trial court properly denied the motion to dismiss.

For these reasons, we find the trial court properly concluded there was sufficient evidence to deny defendant's motion to dismiss.

No error.

Judges TIMMONS-GOODSON and McCULLOUGH concur.