CALABRIA, Judge.
On 7 October 2002, defendant Daniel Anthony Berarducci was indicted on charges of taking indecent liberties with a child and assault on a child under 12. The case was tried at the 9 June 2003 Criminal Session of Onslow County Superior Court.
The evidence at trial tended to show the following: On 23 February 2002, defendant Daniel Anthony Berarducci went out with his friend, Daniel Preston, and also Kimberly Johnson. Johnson's husband, Randy Johnson, from whom she was separating, stayed home with their two children. During the evening, Preston and defendant became intoxicated, so after returning to the Johnson's home at approximately 5:00 a.m., Preston and defendant were invited to stayover so that they would not drive. The following sleeping arrangements were made: Mr. Johnson slept on the couch; Ms. Johnson slept in her own bed; their two children slept in one room, and defendant and Preston slept together in another room.
Mr. Johnson later heard a "ruckus" coming from the kids' bedroom and went to check on them. Mr. Johnson found his eight-year-old-daughter sitting up in bed crying, and he spotted defendant "peeking around her wall into the room." The daughter told Mr. Johnson that defendant tried to kiss her. Mr. Johnson told defendant and Preston to leave and then went to check again on his daughter to make sure she was okay. She said, "There's more." "He tried to pull down my pants, touched my privates, and wanted me to touch his." Mr. Johnson told Ms. Johnson what happened and told her to call the police. Mr. Johnson then grabbed a butcher knife and told defendant not to leave the area. Defendant got in his car and started to drive away, and Mr. Johnson got in his car and chased him. Eventually, the sheriff pulled both men over, told Mr. Johnson to drop the knife, and arrested defendant.
Defendant was convicted of taking indecent liberties with a child but was found not guilty of assault on a child under the age of twelve. He was sentenced to a term of sixteen to twenty months' imprisonment. Defendant appeals.
I. Motion in Limine
We first consider whether the trial court erred by granting the State's motion in limine and refusing to allow defendant to introduce an exculpatory statement he made to Juvenile DetectivePam Sanders ("Detective Sanders"). Defendant chose not to take the stand, but made an offer of proof that he told Detective Sanders he did not recall going into the bedroom where Mercedes was sleeping or leaving the room he was sharing with Preston. Defendant contends that the statement should have been admitted as a present sense impression. We disagree.
Rule 803(1) provides for an exception to the hearsay rule for a present sense impression - "A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." N.C. Gen. Stat. § § 8C-1, Rule 803(1). "The basis of the present sense impression exception is that closeness in time between the event and the declarant's statement reduces the likelihood of deliberate or conscious misrepresentation." State v. Pickens, 346 N.C. 628, 644, 488 S.E.2d 162, 171 (1997) (citing State v. Gainey, 343 N.C. 79, 86, 468 S.E.2d 227, 232 (1996)). "`[T]here is no per se rule indicating what time interval is too long under Rule 803(1). . . . [A]dmissibility of statements under hearsay exceptions depends upon the facts of the particular case.'" State v. Cummings, 326 N.C. 298, 314, 389 S.E.2d 66, 75 (1990) (quoting United States v. Blakey, 607 F.2d 779, 785 (7th Cir. 1979)). "Under the identical Federal Rule, the lapse of time allowable appears to be very small." State v. Odom, 316 N.C. 306, 313, 341 S.E.2d 332, 336 (1986) (citations omitted).
In the case sub judice, approximately three hours passed between the alleged incident and defendant's statement to DetectiveSanders. Three hours is not "immediately thereafter," and does not reduce the likelihood of deliberate or conscious misrepresentation. The statement was not a present sense impression that would satisfy an exception to the hearsay rule. Accordingly, the assignment of error is overruled.
II. Denial of Motion to Dismiss
Defendant next argues that the trial court erred by denying his motion to dismiss. Defendant contends that there was insufficient evidence of his age to sustain the conviction. Defendant further argues that his high level of intoxication negated the element of the offense that his actions were for the purpose of sexual gratification.
After careful review of the record, briefs, and contentions of the parties, we find no error. To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense. State v. Cross, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997). "`Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.'" Id. at 717, 483 S.E.2d at 434 (quoting State v. Olson, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)). When reviewing the sufficiency of the evidence, "[t]he trial court must consider such evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom." State v. Patterson, 335 N.C. 437, 450, 439 S.E.2d 578, 585 (1994) (citing State v. Vause, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991)). In the instant case, defendant was charged with taking indecent liberties with a minor. In order to convict the defendant, the State must prove:
(1) the defendant was at least 16 years of age, (2) he was five years older than his victim, (3) he willfully took or attempted to take an indecent liberty with the victim, (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred, and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire.
State v. Rhodes, 321 N.C. 102, 104-05, 361 S.E.2d 578, 580 (1987) (citing State v. Hicks, 79 N.C. App. 599, 339 S.E.2d 806 (1986)). Defendant argues that the State failed to prove the first and fifth elements of the offense. However, Deputy Holden testified that defendant told him he was born on 13 August 1980, which would have made defendant 21 on the day of the alleged incident. Defendant did not dispute this evidence. Furthermore, the victim testified that she woke up to find defendant touching her private area under her clothes. She stated that defendant kissed her on the neck, grabbed her hand and tried to make her touch his private area underneath his clothes. A jury could properly infer from this testimony that defendant's actions were for the purpose of arousing or gratifying sexual desire. Id. at 105, 361 S.E.2d at 580. Accordingly, we conclude the trial court did not err in denying the motion to dismiss.
Defendant next argues that the trial court committed plain error by prematurely instructing the jury on further deliberations pursuant to G.S. 15A-1235. Defendant contends that the trial courtshould not have given the "dynamite charge" where there was no indication that the jury was deadlocked. We are not persuaded.
In the case sub judice, the jury had been deliberating approximately two hours. In State v. Adams, 85 N.C. App. 200, 210, 354 S.E.2d 338, 344 (1987), this Court found no abuse of discretion where the trial court instructed the jury pursuant to N.C. Gen. Stat. § 15A-1235(c) after the jury had been deliberating less than two hours. Furthermore, this Court noted that even assuming arguendo that the instruction was in error, there was no prejudice to defendant "where the record provided no indication that the jury was deadlocked in its deliberations or in any other way open to pressure by the trial judge to force a verdict." Id. Similarly, here, there is no evidence in the record that the jury was deadlocked or subject to coercion. When instructing the jury, the trial court specifically stated that it was not trying to force the jury to reach a verdict. Accordingly, we find no error.
No error.
Judges TIMMONS-GOODSON and LEVINSON concur.
Report per Rule 30(e).