An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-726

Filed: 19 May 2015

Columbus County, Nos. 11 CRS 52384—85, 52388, 52390, 52393, 52396

STATE OF NORTH CAROLINA

v.

DERRICK EARL ROBINSON

Appeal by defendant from judgment entered 6 September 2013 by Judge Douglas B. Sasser in Columbus County Superior Court. Heard in the Court of Appeals 20 January 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Laura Edwards Parker, for the State.*

> *Kimberly P. Hoppin for defendant-appellant.*

BRYANT, Judge.

Where the evidence and jury instructions do not conform to the indictments, such a variance is fatal and judgment based thereon is vacated. Where the indictment is proper, the evidence presented supports the indictment and the trial court's instructions to the jury reflect the law and conform to the evidence, an incorrect listing on the jury verdict sheet can be considered a clerical error, and judgment based thereon is upheld.

From June 2008 through May 2010, defendant Derrick Earl Robinson lived with his girlfriend and her two children, Jessica and Kimberly[1], in Tabor City. In 2008, Jessica and Kimberly were thirteen and ten years old, respectively. With the exception of a few months when he was away from the home, defendant sexually assaulted Jessica, from fall 2008 to fall 2009, by engaging in anal intercourse, cunnilingus, and fellatio. Jessica testified that this occurred five to six times each week. Defendant also repeatedly engaged in anal intercourse with ten-year-old Kimberly during the same timeframe.

A Columbus County grand jury indicted defendant on ten counts of first-degree sexual offense, three counts of first-degree rape, and nine counts of statutory rape/sexual offense against a person who is 13, 14, or 15. After a three-day jury trial in September 2013, defendant was found guilty of three counts of statutory rape and three counts of first-degree sexual offense. Defendant appeals.

———————————————————

On appeal, defendant does not challenge his conviction on two charges of first-degree sexual offense as they relate to Kimberly; he does, however, challenge three of his four convictions as to Jessica.[2] Defendant argues that the trial court erred by (I) instructing the jury it could find defendant guilty of charges based on a theory not

---

[1] Pseudonyms are used to protect the identity of the minors.
[2] Defendant does not challenge his conviction of first-degree sexual offense as relates to Jessica in 11 CRS 52388.

alleged in the indictment, (II) entering judgment when the jury verdict sheets differed from the indictment and jury instructions, and (III) denying defendant's motion to dismiss certain charges when a fatal variance existed between the charges and evidence introduced at trial.

## *I. & III.*

Defendant argues the trial court committed plain error in instructing the jury on statutory sex offense in 11 CRS 52384 and 52385 when the language in those indictments charged defendant with statutory rape and the State presented no evidence of rape; consequently, the trial court erred in denying defendant's motion to dismiss based on a fatal variance. We agree.

We note defendant's argument as to the jury instructions is normally reviewed for plain error, [3] whereas defendant's argument regarding a fatal variance is reviewed *de novo*. Because we analyze the issue based on defendant's argument as to variance between the indictments, and the evidence and the charge to the jury, we will review this issue *de novo*. *See State v. Martinez*, ___ N.C. App. ___, ___, 749 S.E.2d 512, 514 (2013) ("[A] variance-based challenge is, essentially, a contention that the evidence is

---

[3] When a defendant fails to object to a jury instruction at trial, a court may only review the jury instruction under the plain error standard. *State v. Odom*, 307 N.C. 655, 659–61, 300 S.E.2d 375, 378 (1983). Plain error requires "a *fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done . . . ." *Id.* at 660, 300 S.E.2d at 378 (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982) (quotations omitted).

insufficient to support a conviction," and we review challenges to sufficiency of evidence *de novo*. (citation omitted)).

North Carolina General Statutes, section 14-27.7A sets out the offense of "[s]tautory rape or sexual offense of person who is 13, 14, or 15 years old." "Rape" requires vaginal intercourse. *See* N.C. Gen. Stat. §§ 14-27.2(a) ("First-degree rape"), 14-27.2A(a) ("Rape of a child; adult offender") (2013). In contrast, "sexual act" "means cunnilingus, fellatio, analingus, or anal intercourse, *but does not include vaginal intercourse*." *Id.* § 14-27.1(4) (emphasis added).[4]

The State need not allege the specific sexual act in order to sufficiently charge the crime. *See id.* § 15-144.2(b) ("Essentials of bill for sex offense"); *State v. Edwards*, 305 N.C. 378, 380, 289 S.E.2d 360, 362 (1982) (affirming the use of short form indictments for sexual offenses as permitted by N.C. Gen. Stat. § 15-144.2(b)). But, "[w]hile the State [is] not required to allege the specific nature of the sex act in the indictment, having chosen to do so, it is bound by its allegations, even as other litigants are bound by theirs." *State v. Loudner*, 77 N.C. App. 453, 454, 335 S.E.2d 78, 79 (1985). It is well established that "[a] defendant must be convicted, if at all, of the particular offense charged in the indictment." *State v. Pulliam*, 78 N.C. App. 129, 132, 336 S.E.2d 649, 651 (1985).

---

[4] Also, "[s]exual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body." N.C.G.S. § 14-27.1 (4).

In *State v. Williams*, our North Carolina Supreme Court vacated the conviction of a defendant charged with first- and second-degree rape. 318 N.C. 624, 631, 350 S.E.2d 353, 357 (1986). The conviction was vacated because the jury had been instructed on the offense of statutory rape, but the indictment charged the offense of forcible first-degree rape, resulting in a fatal variance between the indictment and evidence to support the jury instruction. *Id.* [5] Before concluding that the indictment was an invalid basis for judgment, the Court observed that "the failure of the allegations to conform to the equivalent material aspects of the jury charge represents a fatal variance, and renders the indictment insufficient to support that resulting conviction." *Id.* (citation omitted).

In the instant case, the indictments at issue here, 11 CRS 52384 and 52385, charged defendant with statutory rape of a person 13, 14, or 15 years old, alleging that from 1 March 2009 to 30 April 2009 (11 CRS 52384) and from 1 July to August 31 2009 (11 CRS 52385) defendant "did engage in *vaginal intercourse* with [Jessica], a person of the age of 13 years . . . and that [a]t the time of the offense, the defendant

_____

[5]

> While evidence was adduced at trial that indicated that a basis existed upon which the State could have brought [the] defendant to trial on a theory of rape based on [the victim's] age pursuant to N.C.G.S. § 14–27.2(a)(1), [the] defendant was not so charged. Having chosen forcible first-degree rape as its theory of prosecution and having brought [the] defendant to trial, the State was bound to prove all of the material elements of that charge and could not rely on proof of rape pursuant to N.C.G.S. § 14–27.2(a)(1).

*Williams*, 318 N.C. at 628, 350 S.E.2d at 356.

was at least six years older than the victim and was not lawfully married to the victim . . . ." (emphasis added). While both indictments specifically alleged that defendant engaged in vaginal intercourse with Jessica, there was no evidence presented at trial as to vaginal intercourse. The evidence before the trial court was related to various sexual acts not involving the type of vaginal penetration necessary for the commission of rape as defined by our General Statutes. *See* N.C.G.S. §§ 14.27.2(a), 14.27.2A(a). The trial court, consistent with the evidence presented but inconsistent with the rape offenses charged in the indictments, instructed the jury on the elements required to reach a verdict as to statutory sexual offense.

In the instant case, just as in *Williams*, the difference between the indictment alleging statutory rape and the evidence and jury instructions as to statutory sexual offense represents a fatal variance. We note with appreciation the State's concession that *Williams* cannot be distinguished from the instant case. We must vacate defendant's convictions based on charges of rape as indicted pursuant to 11 CRS 52384 and 11 CRS 52385.

## II.

Defendant next argues that his conviction should be vacated because the indictment in 11 CRS 52390 alleged statutory sexual offense while the jury verdict sheet listed the offense of statutory rape. We disagree.

> A motion in arrest of judgment is proper when it is
> apparent that no judgment against the defendant could be

lawfully entered because of some fatal error appearing in (1) the organization of the court, (2) the charge made against the defendant (the information, warrant or indictment), (3) the arraignment and plea, (4) the verdict, and (5) the judgment.

*State v. McGaha*, 306 N.C. 699, 702, 295 S.E.2d 449, 451 (1982) (quoting *State v. Perry*, 291 N.C. 586, 589, 231 S.E.2d 262, 265 (1977)), *superseded by statute on other grounds as recognized in State v. Roberts*, 166 N.C. App. 649, 652, 603 S.E.2d 373, 375 (2004). "When such a [fatal] defect is present, it is well established that a motion in arrest of judgment may be made at any time in any court having jurisdiction over the matter, even if raised for the first time on appeal." *State v. Tucker*, 156 N.C. App. 53, 59, 575 S.E.2d 770, 774 (quoting *State v. Wilson*, 128 N.C. App. 688, 691, 497 S.E.2d 416, 419 (footnote omitted)) (citing also *McGaha*, 306 N.C. at 702, 295 S.E.2d at 451), *rev'd in part*, 357 N.C. 633, 588 S.E.2d 853 (2003). However, where a verdict can be properly understood by reference to the indictment, evidence, and jury instructions, it is sufficient. *Id.* at 60, 575 S.E.2d at 774.

> [In *Tucker*, the] [d]efendant was indicted . . . with fourteen counts of statutory sexual offense of a person aged 13, 14 or 15 (N.C.Gen.Stat. § 14–27.7A(a)), seven counts of sexual offense by a person in parental role in the home of minor victim (N.C.Gen.Stat. § 14–27.7(a)), and seven counts of taking indecent liberties with a minor (N.C.Gen.Stat. § 14–202.1).

*Id.* at 55, 575 S.E.2d at 772.

> The trial court properly instructed the jury as to each of the above, respectively. However, the trial court submitted

verdict sheets to the jury which contained fourteen counts
of N.C. Gen. Stat. § 14–27.4 (first degree sexual offense)
where the statutory sexual offense of a 13, 14 or 15 year old
counts should have been.

*Id.* at 59, 575 S.E.2d at 774. The jury returned a guilty verdict as to each count. *Id.*

at 56, 575 S.E.2d at 772. On appeal, the defendant contended that the trial court

erred in using incorrect jury verdict sheets. "[This Court noted that] the jury heard

evidence and was properly instructed on three different crimes that [the] defendant

was alleged to have committed." *Id.* at 60, 575 S.E.2d at 775. Citing *Lyons v. State*,

690 So.2d 695 (1997) (finding no prejudicial error in verdict form that listed

"conspiracy to commit robbery" instead of "conspiracy to commit armed robbery or

robbery with a dangerous weapon"), and *Broadus v. State*, 487 N.E.2d 1298 (1986)

(error in indicating "burglary" instead of "robbery" on verdict sheet was harmless

where jury was well acquainted with crime charged), the *Tucker* Court held that the

failure to provide verdict sheets reflecting fourteen counts of statutory sexual offense

of a person aged 13, 14 or 15 (N.C. Gen. Stat. § 14–27.7A(a)) did not amount to

fundamental error requiring arrest of judgment. *Id.*; *see also State v. Gilbert*, 139

N.C. App. 657, 535 S.E.2d 94, (2000) (rejecting the defendant's challenge when the

verdict sheet misidentified the defendant); *State v. McKoy*, 105 N.C. App. 686, 414

S.E.2d 392 (1992) (discarding as a mere clerical error the discrepancy between the

indictment and verdict sheets about the maximum amount of cocaine possessed and

transported); *State v. Connard*, 81 N.C. App. 327, 344 S.E.2d 568 (1986) (finding no

error when the verdict sheet did not contain each element of misdemeanor possession of stolen goods); *State v. Sanderson*, 62 N.C. App. 520, 302 S.E.2d 899 (1983) (deciding the trial court did not err by omitting from the verdict sheet essential elements of "intent to sell and deliver" for various drug-trafficking charges).

> While the [*Tucker*] jury returned verdict sheets stating that [the] defendant was guilty of the crime of first degree sexual offense, the jury had been 'well-acquainted' with the charge of statutory sexual offense of a 13, 14 or 15 year old. The jury had heard the indictments which included that crime, heard the evidence, and were properly instructed on that crime. Thus, [the defendant's] assignment of error is overruled . . . .

*Tucker*, 156 N.C. App. at 60—61, 575 S.E.2d at 775.

In the instant case, defendant was indicted in 11 CRS 52390 pursuant to N.C. Gen. Stat. § 14-27.7A(a) which proscribes "[*s*]*tatutory rape* or *sexual offense* of person who is 13, 14, or 15 years old." (emphasis added). A defendant violates section 14-27.7A(a) "if the defendant engages in *vaginal intercourse or a sexual act* with another person who is 13, 14, or 15 years old . . . ." N.C.G.S. § 14-27.7A(a) (2013). The indictment in 11 CRS 52390 alleged in relevant part that defendant "engage[d] in a *sexual act* with [Jessica], a person of the age of 13 years." (emphasis added). At the commencement of defendant's trial, the trial court announced the charges against defendant for the record before the jury.

> In file number[] . . . 11 CRS 52390, the defendant is charged with . . . statutory sexual offense against a person who is 13, 14, or 15 years old by a defendant who is at least six

years older than the victim. The alleged date of offense is between March 1st, 2009, and April 30th, 2009. And the alleged victim is [Jessica].

During trial, Jessica testified that in the spring of 2009, defendant engaged her in anal intercourse, cunnilingus, and fellatio as many as five to seven times per week. After the presentation of evidence and outside of the presence of the jury during the charge conference, the trial court stated that it would use North Carolina Pattern Jury Instruction–Crim. 201.15.3 to instruct the jury on the crime of sexual act with a victim who is 13 years old at the time of the offense.

> THE COURT: Okay. And then the substantive instructions I had, I had found that instruction 207.15.3.
>
> . . .
>
> Because [201.]15.1 deals with vaginal intercourse. They're very close, they look almost exactly the same, but one deals with vaginal intercourse, and the other deals –
>
> . . .
>
> . . . a sexual act.
>
> [Defense counsel]: You're right.
>
> . . .
>
> THE COURT: Which is in regards to the criminal offense of 14-27.7(a) [sic].
>
> [Defense counsel]: Right.

Prior to bringing the jury into the courtroom for instruction, the trial court instructed the State and defendant to review the verdict sheets.

> THE COURT: Counsel, anything else that's -- well, first of all, verdict sheets, had a chance to review those?
>
> . . .
>
> I'm going to pass these to you first. If you'll look through those 12 and make sure they match the offense date, the victim's name, everything matches up.
>
> . . .
>
> And file numbers, please, and once you've had a chance to look, let [defense counsel] look at them.
>
> . . .
>
> [Defense counsel]: I see that they all correspond. I see no mistakes. . . .

The trial court then gave the jury the following instruction:

> Ladies and gentlemen of the jury, in file numbers 11 -- all these are file numbers -- I don't want to repeat the 11 every time. Everyone [11 is] the year, CRS . . . 52390. The defendant has been charged with statutory sexual offense against a victim who was 13 years old at the time of the offense.
>
> For you to find the defendant guilty of this offense, the State must prove four things beyond a reasonable doubt:
>
> > First, that the defendant engaged in a sexual act with the victim. A sexual act means cunnilingus, which is any touching, however slight, by the lips or tongue of one person to any part of the female sex organ of another. Fellatio, which is touching by the

lips or tongue of one person and the male sex organ of another. Anal intercourse, which is any penetration, however slight, of the anus of any person by the male sexual organ of another. And/or any penetration, however slight, by an object into the genital opening of a person's body.

Second, that at the time of the acts, the victim was 13 years old.

Third, that at the time of the acts, the defendant was at least six years older than the victim.
And fourth, that at the time of the acts, the defendant was not lawfully married to the victim.

If you find from the evidence beyond a reasonable doubt that on or about the alleged date, and this is as to each offense charged, that the defendant engaged in a sexual act with the victim who was 13 years old and that the defendant was at least six years older than the victim and was not lawfully married to the victim, it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

. . .

Ladies and gentlemen of the jury, there are 12 verdict forms in this case. I'm going to go through those with you very briefly.

. . .

File number 11 CRS 52390, two choices: Guilty of committing *statutory rape* between the dates of March 1st, 2009, and April 30th, 2009, against [Jessica], a child who was 13 years old, or not guilty.

(emphasis added).

THE COURT: Outside the presence of the jury, any requests for any corrections, additions at this point as to the instructions given by the Court from the State?

[The prosecutor]: No, Your Honor.

THE COURT: From the defense?

[Defense counsel]: No, Your Honor.

. . .

THE COURT: Back on the record. Received a note from the foreperson, Mr. Hudson. We'll make this Court's exhibit number two, which is as follows: Quote, May [sic] we have a written copy or further explanation, parentheses, definitions, of the charges, question mark, i.e. statutory rape, first degree sexual offense.

The trial court brought the jurors back into the courtroom.

Ladies and gentlemen, in file number[] 11 CRS . . . 52390, the defendant has been charged with *statutory sexual offense* against a victim who was 13 years old at the time of the offense.

(emphasis added). In pertinent part, the trial court then repeated the instructions defining sexual offense.

[The Court:] Before I release the jurors to go back, hopefully I said everything right, anything from the State?

[The prosecutor]: No, Your Honor.

THE COURT: From the defense?

[Defense counsel]: No, Your Honor.

Following further deliberation and an announcement that the jury had reached a unanimous verdict, the clerk of court read the following into the record.

> THE CLERK: In the case of State of North Carolina versus Derrick Earl Robinson, file number 11 CRS 52390, ladies and gentlemen of the jury, your foreperson has returned as your unanimous verdict that the defendant is guilty of committing statutory rape between the dates of 3/1/09 and 4/30/09. Is this your verdict, so say you all? If so, please indicate by raising your right hand.
>
> THE COURT: Let the record reflect all 12 jurors raised their right hand.

In accordance with the jury verdict, the trial court entered judgment against defendant as to 11 CRS 52390 for violating N.C.G.S. § 14-27.7A(a), which prohibits both statutory rape or statutory sexual offense. When the jury in the instant case returned a verdict sheet stating defendant was guilty of statutory rape, it was well-acquainted with the fact that defendant was charged with statutory sexual offense—engaging in "a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person . . . ." The jury heard the trial court announce the indictment charging statutory sexual offense, heard the evidence alleging the commission of sexual acts that comprise statutory sexual offense, and, although the trial court initially stated that the verdict form on 11 CRS 52390 allowed for a verdict of guilty or not guilty of statutory rape, after a question from the jurors, the trial court emphasized that in 11 CRS 52390, defendant was charged with statutory sexual offense. We note the jury had been properly instructed on the charge

of statutory sexual offense as to 11 CRS 52390. Thus, based on *Tucker* and the above cited cases, we do not believe the error as to the charge listed on the verdict sheet amounted to a fundamental error. *See Tucker*, 156 N.C. App. at 60—61, 575 S.E.2d at 775. We also note for the record that defendant approved the verdict sheet for this offense prior to submission to the jury and afterward, accepted the verdict based thereon. Accordingly, we overrule defendant's argument and find no error in the judgment and conviction as to this offense.[6]

VACATED IN PART; NO ERROR IN PART.

Judges STROUD and HUNTER, Jr., ROBERT N., concur.

Report per Rule 30(e).

---

[6] By this opinion we are not condoning the lack of diligence by all parties, as well as the trial court, to ensure that the language in the indictments was consistent with the corresponding offenses on the verdict sheets. We acknowledge the case was brought to trial on twenty-two indictments (ten of which were dismissed at trial) alleging statutory sexual assault on two different minors over a period of time, and that the charging statute and indictments each allowed for the prosecution of either statutory rape or statutory sexual offense, all of which must have contributed to confusion by counsel, the court, and the jury. However, while we are satisfied that our case law supports the analysis and holding as to each issue reviewed, we nevertheless caution all the parties, especially the State, to increase its vigilance in sex offense cases containing multiple charges so as to reduce the potential for confusion and to ensure a fair trial based on proper notice to defendants.